43 F.3d 1482
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Yvonne P. CROMAR, a/k/a Yvonne P. Pudder, Plaintiff-Appellant,
v.
Matt M. RAILEY: Nancy L. Myers; Richard Darcy Irwin, Jr.;
Nancy L. Myers and State of Colorado; Arkansas Valley
Ambulance; Dr. Marc Sindler; Dr. Douglas Kinkel, William
Einig, William H. Rogers, Momorial [sic] Medical Center, Las
Cruces, NM; Wallace K. Larson; George A. Chavez and David
S. Bowers, Chaffee County; Gregory Roberts, a/k/a Dr. Jerry
Roberts; Kathe Vukson, Benedictine Health Center; and Dr.
William J. Ciccone, Defendants-Appellees.
 Nos. 94-1394, 94-1266, 94-1331, 94-1333, 94-1395, 94-1398,
94-1396, 94-1400, 94-1401, 94-1402, 94-1403, 94-1404.
 United States Court of Appeals, Tenth Circuit.
 Dec. 22, 1994.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Ms. Cromar,[1] a pro se litigant, commenced this civil suit against a state court judge. The basis of the suit was that defendant would not give back to her the cases she allegedly removed to federal court. The district court dismissed the complaint for lack of jurisdiction as it contained no allegations setting forth the jurisdiction of the federal court.
 
 
 3
 Additionally, the district court held the action frivolous and enjoined Ms. Cromar from filing additional suits without first seeking prior leave of court. The district court attached to the order an appendix describing in detail the thirty-two federal court cases filed by Ms. Cromar, all of which had been dismissed. We attach to this order a copy of this appendix. We also attach to this order a copy of the district court's order imposing sanctions upon Ms. Cromar.
 
 
 4
 Ms. Cromar appeals this decision asserting "I am removing this case totally for I was informed that the judge has retired" and informs us she "will not say anything eles [sic] without counsel."
 
 
 5
 This appeal merits no discussion and is frivolous within the meaning of 28 U.S.C. Sec. 1915(d) and is hereby dismissed.
 
 
 6
 Additionally, Ms. Cromar has filed the following appeals with this court:
 
 
 7
 1. 94-1266--Cromar v. Myers (suit for legal malpractice which was dismissed for lack of subject matter jurisdiction);
 
 
 8
 2. 94-1333--Cromar v. State of Colorado (suit complaining of improper treatment by state judges which was dismissed as frivolous under 28 U.S.C. Sec. 1915(d));
 
 
 9
 3. 94-1331--Cromar v. Irwin (suit based upon the Freedom of Information Act against a defendant Ms. Cromar asserted had breached his promise to marry her, this suit being dismissed as frivolous);
 
 
 10
 4. 94-1395--Cromar v. Arkansas Valley (a pro se malpractice suit against an ambulance service with no allegation concerning federal jurisdiction, which suit was dismissed as frivolous);
 
 
 11
 5. 94-1396--Cromar v. Sindler (a pro se suit against a medical doctor asserting malpractice for a back injury, which again contained no allegations concerning federal jurisdiction, which was dismissed as frivolous);
 
 
 12
 6. 94-1398--Cromar v. Kindel (a suit asserting medical malpractice for a wrist injury which contained no jurisdictional allegations);
 
 
 13
 7. 94-1400--Cromar v. Larson (medical malpractice action, containing no allegation concerning jurisdiction);
 
 
 14
 8. 94-1401--Cromar v. Chavez (a suit against a sheriff for neglect of duty containing no jurisdictional allegations);
 
 
 15
 9. 94-1402--Cromar v. Roberts (dismissed as frivolous);
 
 
 16
 10. 94-1403--Cromar v. Vukson (dismissed as frivolous); and,
 
 
 17
 11. 94-1404--Cromar v. Ciccone (dismissed as frivolous).
 
 
 18
 Ms. Cromar has filed various motions with this court concerning various cases all of which are summarily denied.
 
 
 19
 These cases illustrate perfectly the abuse of the federal court system by pro se litigants. These cases violate every required rule of pleading, even after applying the oft cited rule concerning the indulgences given the pro se pleader.
 
 
 20
 The mandate shall issue forthwith.
 
 
 21
 The cases above described are hereby dismissed as frivolous.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF COLORADO
 Civil Action No. 94-S-1563
 
 22
 YVONNE P. CROMAR, Plaintiff,
 
 
 23
 v.
 
 
 24
 JUDGE MATT M. RAILEY, Defendant.
 
 Filed Aug. 8, 1994
 ORDER OF DISMISSAL AND SANCTIONS
 
 25
 This matter is before the court on the July 25, 1994, order to show cause directing Yvonne P. Cromar to respond in writing within five days to the following questions:
 
 
 26
 (1) Why the complaint should not be dismissed for lack of subject matter jurisdiction.
 
 
 27
 (2) Why the complaint should not be dismissed as frivolous under 28 U.S.C. Sec. 1915(d).
 
 
 28
 (3) Why Ms. Cromar should not be enjoined, or stopped, from filing any claims without first seeking prior leave of court.
 
 
 29
 (4) Why judgment should not be entered against Ms. Cromar for costs under 28 U.S.C. Sec. 1915(e).
 
 
 30
 Ms. Cromar was ordered to respond to the same questions in the court's June 30, 1994, order to show cause. To date, Ms. Cromar has failed to respond to the questions posed in either order.
 
 
 31
 Ms. Cromar, proceeding pro se, initiated the instant lawsuit because she claims that the defendant, beginning on April 28, 1994, would not give back to her the cases she allegedly removed to this federal court. No allegation raises a federal question. See 28 U.S.C. Sec. 1331 (1993). Diversity does not exist because the parties are citizens of the same state. See 28 U.S.C. Sec. 1332 (1993). In addition, no diversity is alleged. Ms. Cromar has failed to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction. The complaint is dismissed for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3).
 
 
 32
 Ms. Cromar is proceeding in forma pauperis pursuant to 28 U.S.C. Sec. 1915 (1994), the federal in forma pauperis statute. Subsection (a) of Sec. 1915 allows a litigant to commence a lawsuit without prepayment of fees and costs. Subsection (d) of Sec. 1915 is intended to discourage the filing of frivolous, malicious, or repetitive lawsuits. Neitzke v. Williams, 490 U.S. 319, 324 (1989). Subsection (d) gives judges the authority to dismiss sua sponte a complaint based upon an indisputably meritless legal theory or factual allegations that clearly are baseless. Id. at 327; see also 28 U.S.C. Sec. 1915(d). Claims of infringement of a legal interest which clearly does not exist or claims in which the plaintiff's factual allegations do not support an arguable claim are legally frivolous claims. Neitzke, 490 U.S. at 327. A finding of factual frivolousness is appropriate when the facts alleged rise to the level of irrational or wholly incredible. Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992). The district court may pierce the veil of the complaint's factual allegations, and determine that the facts alleged are fantastic or delusional and warrant dismissal for factual frivolousness. Neitzke, 490 U.S. at 327; Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991). Ms. Cromar has failed to show cause why the complaint should not be dismissed as frivolous under Sec. 1915(d). The complaint is dismissed as legally frivolous under Sec. 1915(d).
 
 
 33
 This is one of thirty-two complaints or other papers Ms. Cromar has tendered between May 31 and July 7, 1994. See Appendix A. Most of the lawsuits are against judicial and law enforcement officers, attorneys, physicians, and medical treatment entities. The majority of suits have been dismissed for lack of subject matter jurisdiction, or have been remanded to state court. A district court has the power to enjoin litigants who abuse the court system. Tripati v. Beaman, 878 F.2d 351 (10th Cir.1989). Groundless and vexatious litigation will justify an order enjoining a litigant from filing any claims without first seeking prior leave of court. See Ketchum v. Cruz, 961 F.2d 916, 921 (10th Cir.1992); Winslow v. Romer, 759 F.Supp. 670, 677-78 (D.Colo.1991); Colorado ex rel. Colo. Judicial Dep't v. Fleming, 726 F.Supp. 1216, 1221 (D.Colo.1989). Injunctions are proper where the litigant's extensive and abusive litigation history properly is set forth. Tripati, 878 F.2d at 353. Where a litigant's court access is restricted, guidelines must be set forth so that the litigant is aware of what must be done in order to obtain the court's permission to file an action. Id. at 354; Rubins v. Roetker, 737 F.Supp. 1140, 1145 (D.Colo.1990), aff'd, 936 F.2d 583 (10th Cir.1991).
 
 
 34
 Twice, on June 30 and July 25, 1994, Ms. Cromar has been given the right to oppose, in writing, the imposition of future restrictions. See White v. General Motors Corp., 908 F.2d 675, 686 (10th Cir.1990); Tripati, 878 F.2d at 354. Twice Ms. Cromar has failed to show cause why she should not be enjoined from filing any claims without first seeking prior leave of court.
 
 
 35
 To relieve the court, protect other parties from the burdens of Ms. Cromar's frequent and frivolous litigation, and protect other litigants' rights to court access, Ms. Cromar's access to the courts will be restricted. Ms. Cromar is prohibited from initiating a civil action in the United States District Court for the District of Colorado without the representation of an attorney licensed to practice in the State of Colorado and admitted to practice in this court, unless she first obtains leave of the court to proceed pro se. The specific procedures recommended for obtaining the court's permission to proceed pro se, which have been adapted from this court's holding in Colorado ex rel. Colo. Judicial Dep't, 726 F.Supp. at 1221-24, are outlined in Appendix B to this order.
 
 
 36
 The Clerk of the Court, or designated deputies, shall add Ms. Cromar to its regularly maintained list of pro se litigants whose future filings have been restricted. The Clerk of the Court, or designated deputies, shall not accept a complaint or any other paper submitted by Ms. Cromar initiating a civil action unless Ms. Cromar is represented by an attorney licensed to practice in the State of Colorado and admitted to practice in this court, or unless Ms. Cromar has first obtained leave of this court to file the action pro se.
 
 
 37
 As previously stated, 28 U.S.C. Sec. 1915(a) permits commencement of a lawsuit in forma pauperis without "prepayment of fees and costs." Allowing the commencement of a suit in forma pauperis, however, does not prevent the court from assessing costs at the conclusion of the suit. Olson v. Coleman, 997 F.2d 726, 728 (10th Cir.1993). Subsection 1915(e) provides that "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other cases." Subsection 1915(e) has been used to collect the full $105.00 appellate filing fee from a pro se inmate plaintiff who filed a frivolous appeal. Id. at 729. Subsection 1915(e) also has been used to assess partial costs in an effort to deter an abusive inmate plaintiff. Freeze v. Griffith, 849 F.2d 172, 176 (5th Cir.1988). Ms. Cromar has failed to show cause why judgment should not be entered against her for costs under Sec. 1915(e). However, the court will refrain from entering judgment for costs. If Ms. Cromar continues to file frivolous lawsuits in the future, the court will reconsider its decision to waive judgment for costs. Accordingly, it is
 
 
 38
 ORDERED that the complaint is dismissed for lack of subject matter jurisdiction. It is
 
 
 39
 FURTHER ORDERED that the complaint is dismissed as legally frivolous under 28 U.S.C. Sec. 1915(d). It is
 
 
 40
 FURTHER ORDERED that Ms. Cromar is prohibited from initiating a civil action in the United States District Court for the District of Colorado without the representation of an attorney licensed to practice in the State of Colorado and admitted to practice in this court, unless she first obtains leave of the court to proceed pro se. It is
 
 
 41
 FURTHER ORDERED that the Clerk of the Court, or designated deputies, shall add Ms. Cromar to its regularly maintained list of pro se litigants whose future filings have been restricted. It is
 
 
 42
 FURTHER ORDERED that the Clerk of the Court, or designated deputies, shall not accept any complaint or other paper submitted by Ms. Cromar initiating a civil action unless Ms. Cromar is represented by an attorney licensed to practice in the State of Colorado and admitted to practice in this court, or unless Ms. Cromar has first obtained leave of this court to file the action pro se. It is
 
 
 43
 FURTHER ORDERED that judgment for costs is waived.
 
 
 44
 DATED at Denver, Colorado, this 8th day of August, 1994.
 
 BY THE COURT:
 
 45
 /s/ Daniel B. Sparr
 
 DANIEL B. SPARR
 United States District Judge
 APPENDIX A
 Summary of Federal District Court Actions
 Initiated by Yvonne P. Cromar
 
 46
 (1) Yvonne P. Cromar v. Nancy L. Myers, Esq., No. 94-F-1276 (D.Colo. June 1, 1994), appeal filed, No. 94-1266 (10th Cir. June 10, 1994). Ms. Cromar, proceeding pro se and in forma pauperis, files complaint against Nancy L. Myers, Esq. Ms. Cromar alleges that Ms. Myers represented her in personal injury, divorce and Workers' Compensation matters; that Ms. Myers' legal representation was negligent; and that Ms. Myers committed malpractice. The complaint is dismissed for lack of federal question or diversity jurisdiction.
 
 
 47
 (2) Yvonne P. Cromar v. William McIlwain, No. 94-F-1277 (D.Colo. June 1, 1994), appeal dismissed, No. 94-1267 (10th Cir. Aug. 1, 1994). Ms. Cromar, proceeding pro se and in forma pauperis, files complaint against William McIlwain, Esq. Ms. Cromar alleges that she orally agreed to try to retain Mr. McIlwain to represent her in a lawsuit against her former fiance, and that somehow Mr. McIlwain committed malpractice. The complaint is dismissed for lack of federal question or diversity jurisdiction.
 
 
 48
 (3) Yvonne P. Cromar v. Philip J. Anderson, P.C., No. 94-F-1278 (D.Colo. June 1, 1994), appeal dismissed, No. 94-1268 (10th Cir. Aug. 1, 1994). Ms. Cromar, proceeding pro se and in forma pauperis, files complaint against Philip J. Anderson, P.C. Ms. Cromar alleges that she orally agreed to try to retain the defendant to represent her in a lawsuit against her former fiance, and that somehow the defendant committed malpractice. The complaint is dismissed for lack of federal question or diversity jurisdiction.
 
 
 49
 (4) Yvonne P. Cromar v. John C. Eastlack, P.C., No. 94-F-1279 (D.Colo. June 1, 1994), appeal filed, No. 94-1269 (10th Cir. June 10, 1994). Ms. Cromar, proceeding pro se and in forma pauperis, files complaint against John C. Eastlack, P.C. Ms. Cromar alleges that she orally agreed to try to retain the defendant to represent her in a lawsuit against her former fiance, and that the defendant somehow committed malpractice. The complaint is dismissed for lack of federal question or diversity jurisdiction.
 
 
 50
 (5) Yvonne P. Cromar v. William A. Alexander, Jr., No. 94-F-1280 (D.Colo. June 1, 1994), appeal filed, No. 94-1270 (10th Cir. June 10, 1994). Ms. Cromar, proceeding pro se and in forma pauperis, files complaint against William A. Alexander, Jr. Ms. Cromar alleges that she orally agreed to try to retain Mr. Alexander to represent her in a lawsuit against her former fiance, and that somehow Mr. Alexander committed malpractice. The complaint is dismissed for lack of federal question or diversity jurisdiction. (D.Colo. June 10, 1994, appeal filed, July 25, 1994. Ms. Cromar, proceeding pro se and in forma pauperis, files a complaint under the Freedom of Information Act (FOIA) against Richard Darcy Irwin, Jr. She alleges that Mr. Irwin has possession of records concerning two cases, Yvonne P. Cromar-Pudder v. Richard Darcy Irwin, Jr., No. 94-CV-0633, in El Paso County, Colorado, District Court, and Yvonne P. Cromar-Pudder v. Richard Darcy Irwin, Jr., No. 94-627-Civ-T-23-A, in the United States District Court for the Middle District of Florida. She further alleges that she seeks access to these records, and that Mr. Irwin has failed to respond to her requests. The complaint is dismissed because the clear language of FOIA limits its application to federal agencies, not private individuals.
 
 
 51
 (10) Yvonne P. Cromar v. Nancy L. Myers, No. 94-S-1436 (D.Colo. June 16, 1994), appeal filed, Aug. 5, 1994). Ms. Cromar, proceeding pro se and in forma pauperis, files a complaint for damages against Nancy L. Myers, Esq. Ms. Cromar is suing Ms. Myers for the allegedly false and defamatory statements Ms. Myers made in a May 28, 1994, letter to the Colorado Supreme Court Disciplinary Counsel. Ms. Cromar alleges that the letter was written in response to her request for an investigation of Ms. Myers. The complaint is dismissed for lack of federal question or diversity jurisdiction. Ms. Cromar is warned that a district court has the power to enjoin litigants who abuse the court system, and that groundless and vexatious litigation will justify an order enjoining her from filing any claims without first seeking prior leave of court.
 
 
 52
 (11) Yvonne P. Cromar v. The Women's Center for Rehabilitation (Lucinda deJong, RPT), No. 94-S-1437 (D.Colo. June 16, 1994), appeal filed, Aug. 5, 1994). Ms. Cromar, proceeding pro se and in forma pauperis, files a comlaint for damages against The Women's Center for Rehabilitation and Lucinda deJong, a registered physical therapist there. Ms. Cromar is suing the defendants because she disagrees with the allegedly negligent physical therapy threatment she received from January 31 through April 16, 1994. The complaint is dismissed for lack of federal question or diversity jurisdiction. Ms. Cromar is warned that a district court has the power to enjoin litigants who abuse the court system, and that groundless and vexatious litigation will justify an order enjoining her from filing any claims without first seeking prior leave of court.
 
 
 53
 (12) Yvonne P. Cromar v. Peter J. Fox & Whole Family, No. 94-S-1438 (D.Colo. June 16, 1994), appeal filed, Aug. 5, 1994). Ms. Cromar, proceeding pro se and in forma pauperis, files a complaint against Peter J. Fox and his family. She alleges that, since January, 1994, Mr. Fox has harassed and stalked her. She further alleges that she has reported these activities to the police. She makes no allegations concerning the family of Mr. Fox. The complaint is dismissed for lack of federal question or diversity jurisdiction. Ms. Cromar is warned that a district court has the power to enjoin litigants who abuse the court system, and that groundless and vexatious litigation will justify an order enjoining her from filing any claims without first seeking prior leave of court.
 
 
 54
 (13) Yvonne P. Cromar v. Harold Edward Bradley & Whole Family, No. 94-S-1439 (D.Colo. June 16, 1994), appeal filed, Aug. 5, 1994). Ms. Cromar, proceeding pro se and in forma pauperis, files a complaint against Harold Edward Bradley and his family. She alleges that, since May 1, 1994, Mr. Bradley has harassed and stalked her. She makes no allegations concerning Mr. Bradley's family. The complaint is dismissed for lack of federal question or diversity jurisdiction. Ms. Cromar is warned that a district court has the power to enjoin litigants who abuse the court system, and that groundless and vexatious litigation will justify an order enjoining her from filing any claims without first seeking prior leave of court.
 
 
 55
 (14) Yvonne P. Cromar v. Teresa Brown, et al., No. 94-S-1440 (D.Colo. June 16, 1994), appeal filed, Aug. 5, 1994). Ms. Cromar, proceeding pro se and in forma pauperis, files a complaint alleging that, since May 15, 1994, the defendants have harassed and stalked her. The complaint is dismissed for lack of federal question or diversity jurisdiction. Ms. Cromar is warned that a district court has the power to enjoin litigants who abuse the court system, and that groundless and vexatious litigation will justify an order enjoining her from filing any claims without first seeking prior leave of court.
 
 
 56
 (15) Yvonne P. Cromar v. Arnold L. Ahnfeldt, M.D., No. 94-S-1441 (D.Colo. June 16, 1994), appeal filed, Aug. 5, 1994). Ms. Cromar, proceeding pro se and in forma pauperis, files a complaint against Arnold L. Ahnfeldt, M.D. Ms. Cromar is suing the defendant because she disagrees with the allegedly negligent diagnosis and treatment she received from him. The complaint is dismissed for lack of federal question or diversity jurisdiction. Ms. Cromar is warned that a district court has the power to enjoin litigants who abuse the court system, and that groundless and vexatious litigation will justify an order enjoining her from filing any claims without first seeking prior leave of court.
 
 
 57
 (16) Yvonne P. Cromar v. Jayne Parr & Norine With The Whole Family of Both, No. 94-S-1442 (D.Colo. June 16, 1994), appeal filed, Aug. 5, 1994). Ms. Cromar, proceeding pro se and in forma pauperis, files a complaint alleging that, since May 5, 1994, the defendants have harassed and stalked her. The complaint is dismissed for lack of federal question or diversity jurisdiction. Ms. Cromar is warned that a district court has the power to enjoin litigants who abuse the court system, and that groundless and vexatious litigation will justify an order enjoining her from filing any claims without first seeking prior leave of court.
 
 
 58
 (17) Yvonne P. Cromar v. Wendy M. Cluck & Whole Family, No. 94-S-1443 (D.Colo. June 16, 1994), appeal filed, Aug. 5, 1994). Ms. Cromar, proceeding pro se and in forma pauperis, files a complaint alleging that, since May 1, 1994, the defendants have harassed and stalked her. The complaint is dismissed for lack of federal question or diversity jurisdiction. Ms. Cromar is warned that a district court has the power to enjoin litigants who abuse the court system, and that groundless and vexatious litigation will justify an order enjoining her from filing any claims without first seeking prior leave of court.
 
 
 59
 (18) Yvonne P. Cromar v. Kenneth Earl Cornwell & Whole Family, No. 94-S-1444 (D.Colo. June 16, 1994), appeal filed, Aug. 5, 1994). Ms. Cromar, proceeding pro se and in forma pauperis, files a complaint alleging that, since May 1, 1994, the defendants have harassed and stalked her. The complaint is dismissed for lack of federal question or diversity jurisdiction. Ms. Cromar is warned that a district court has the power to enjoin litigants who abuse the court system, and that groundless and vexatious litigation will justify an order enjoining her from filing any claims without first seeking prior leave of court.
 
 
 60
 (19) Yvonne P. Cromar v. Arkansas Valley Ambulance, No. 94-S-1537 (D.Colo. Aug. 8, 1994). Ms. Cromar, proceeding pro se and in forma pauperis, files a complaint against Arkansas Valley Ambulance because of the allegedly negligent care she received on May 1, 1993, when the service picked her up at the Arrowhead Correctional Facility and took her to a Canon City, Colorado, hospital for medical treatment. She alleges that her back was injured, and that the service negligently and carelessly operated the ambulance in a manner that exacerbated the injury. The complaint is dismissed for lack of subject matter jurisdiction. The complaint is dismissed as legally frivolous under 28 U.S.C. Sec. 1915(d). Ms. Cromar is prohibited from initiating a civil action in the United States District Court for the District of Colorado without the representation of an attorney licensed to practice in the State of Colorado and admitted to practice in this court, unless she first obtains leave of the court to proceed pro se. Judgment for costs is waived.
 
 
 61
 (20) Yvonne P. Cromar v. Dr. Norman (Nathan) Harrison of Las Cruces, New Mexico, No. 94-S-1553. Ms. Cromar, proceeding pro se and iin forma pauperis, files a complaint against Dr. Norman (Nathan) Harrison for his negligence and failure to give her blood tests before prescribing medication and failure to give her a proper medical examination for a herniated disk, pregnancy, and injured back.
 
 
 62
 (21) Yvonne P. Cromar v. Dr. Marc Sindler, No. 94-S-1554 (D.Colo. Aug. 8, 1994). Ms. Cromar, proceeding pro se and in forma pauperis, files a complaint against Dr. Marc Sindler because of the allegedly negligent care she received from him, resulting in reinjury to her back and six weeks of subsequent physical therapy treatment. The complaint is dismissed for lack of subject matter jurisdiction. The complaint is dismissed as legally frivolous under 28 U.S.C. Sec. 1915(d). Ms. Cromar is prohibited from initiating a civil action in the United States District Court for the District of Colorado without the representation of an attorney licensed to practice in the State of Colorado and admitted to practice in this court, unless she first obtains leave of the court to proceed pro se. Judgment for costs is waived.
 
 
 63
 (22) Yvonne P. Cromar v. Dr. Madison Lucas & [Dr.] Karl Roller (St. Thomas More Hospital), No. 94-S-1555 (D.Colo. Aug. 8, 1994). Ms. Cromar, proceeding pro se and in forma pauperis, files a complaint because of the allegedly negligent medical care she received from Drs. Madison Lucas and Karl Roller at St. Thomas More Hospital in Canon City, Colorado. The complaint is dismissed for lack of subject matter jurisdiction. The complaint is dismissed as legally frivolous under 28 U.S.C. Sec. 1915(d). Ms. Cromar is prohibited from initiating a civil action in the United States District Court for the District of Colorado without the representation of an attorney licensed to practice in the State of Colorado and admitted to practice in this court, unless she first obtains leave of the court to proceed pro se. Judgment for costs is waived.
 
 
 64
 (23) Yvonne P. Cromar v. Dr. Douglas Kinkel, et al., No. 94-S-1556 (D.Colo. Aug. 8, 1994). Ms. Cromar, proceeding pro se and in forma pauperis, files a complaint because of the allegedly negligent medical care she received for a hand and wrist injury. The complaint is dismissed for lack of subject matter jurisdiction. The complaint is dismissed as legally frivolous under 28 U.S.C. Sec. 1915(d). Ms. Cromar is prohibited from initiating a civil action in the United States District Court for the District of Colorado without the representation of an attorney licensed to practice in the State of Colorado and admitted to practice in this court, unless she first obtains leave of the court to proceed pro se. Judgment for costs is waived.
 
 
 65
 (24) Yvonne P. Cromar v. [Dr.] Wallace K. Larson, No. 94-S-1557 (D.Colo. Aug. 8, 1994). Ms. Cromar, proceeding pro se and in forma pauperis, files a complaint because of the allegedly negligent medical diagnosis and care she received from Dr. Wallace K. Larson. She maintains that Dr. Larson failed to examine her properly and, on February 15, 1994, requested that she stop pain medication and physical therapy, and instead exercise regularly. The complaint is dismissed for lack of subject matter jurisdiction. The complaint is dismissed as legally frivolous under 28 U.S.C. Sec. 1915(d). Ms. Cromar is prohibited from initiating a civil action in the United States District Court for the District of Colorado without the representation of an attorney licensed to practice in the State of Colorado and admitted to practice in this court, unless she first obtains leave of the court to proceed pro se. Judgment for costs is waived.
 
 
 66
 (25) Yvonne P. Cromar v. Greg Micheli, DDS, No. 94-S-1558 (D.Colo. Aug. 8, 1994). Ms. Cromar, proceeding pro se and in forma pauperis, files a complaint because of the allegedly negligent dental treatment she received from Greg Micheli, D.D.S., from December 21 through 27, 1993. She alleges that she suffered an infection and other injuries from the extraction of a tooth. The complaint is dismissed for lack of subject matter jurisdiction. The complaint is dismissed as legally frivolous under 28 U.S.C. Sec. 1915(d). Ms. Cromar is prohibited from initiating a civil action in the United States District Court for the District of Colorado without the representation of an attorney licensed to practice in the State of Colorado and admitted to practice in this court, unless she first obtains leave of the court to proceed pro se. Judgment for costs is waived.
 
 
 67
 (26) Yvonne P. Cromar v. George A. Chavez & David S. Bowers (Chaffee County), No. 94-S-1559 (D.Colo. Aug. 8, 1994). Ms. Cromar, proceeding pro se and in forma pauperis, files a complaint against Chaffee County, Colorado, Sheriff George A. Chavez and Undersheriff David S. Bowers. She alleges that the defendants committed official misconduct and neglect of public duties by not supplying her with the address of Richard Darcy Irwin, Jr., and by not serving him with a summons. She further alleges that the defendants could not supply her with Mr. Irwin's address because the Chaffee County Office of County Sheriff does not have a current address for Mr. Irwin on file. Mr. Irwin is the defendant in two cases Ms. Cromar has initiated in this court. See Appendix at Yvonne P. Cromar v. Richard Darcy Irwin, Jr., No. 94-F-1282 (D.Colo. June 1, 1994), and Yvonne P. Cromar v. Richard Darcy Irwin, Jr., No. 94-S-1364 (D.Colo. June 10, 1994). The complaint is dismissed for lack of subject matter jurisdiction. The complaint is dismissed as legally frivolous under 28 U.S.C. Sec. 1915(d). Ms. Cromar is prohibited from initiating a civil action in the United States District Court for the District of Colorado without the representation of an attorney licensed to practice in the State of Colorado and admitted to practice in this court, unless she first obtains leave of the court to proceed pro se. Judgment for costs is waived.
 
 
 68
 (27) Yvonne P. Cromar v. Dr. Gregory (Jerry) Roberts, No. 94-S-1560 (D.Colo. Aug. 8, 1994). Ms. Cromar, proceeding pro se and in forma pauperis, files a complaint against Dr. Gregory Roberts. She alleges that the defendant is negligent because he failed to give her a proper medical examination. She contends that he prescribed medication without giving her blood tests and failed to refer her to a bone doctor for her back. The complaint is dismissed for lack of subject matter jurisdiction. The complaint is dismissed as legally frivolous under 28 U.S.C. Sec. 1915(d). Ms. Cromar is prohibited from initiating a civil action in the United States District Court for the District of Colorado without the representation of an attorney licensed to practice in the State of Colorado and admitted to practice in this court, unless she first obtains leave of the court to proceed pro se. Judgment for costs is waived.
 
 
 69
 (28) Yvonne P. Cromar v. Kathe Vukson (Benedictine Health Center), No. 94-S-1561 (D.Colo. Aug. 8, 1994). Ms. Cromar, proceeding pro se and in forma pauperis, files a complaint against Kathe Vukson, a physical therapist. Ms. Cromar alleges that the defendant is negligent because she failed to provide Ms. Cromar with proper physical therapy treatment for her right hand and wrist, as well as for her back. The complaint is dismissed for lack of subject matter jurisdiction. The complaint is dismissed as legally frivolous under 28 U.S.C. Sec. 1915(d). Ms. Cromar is prohibited from initiating a civil action in the United States District Court for the District of Colorado without the representation of an attorney licensed to practice in the State of Colorado and admitted to practice in this court, unless she first obtains leave of the court to proceed pro se. Judgment for costs is waived.
 
 
 70
 (29) Yvonne P. Cromar v. Dr. William J. Ciccone, No. 94-S-1562 (D.Colo. Aug. 8, 1994). Ms. Cromar, proceeding pro se and in forma pauperis, files a complaint alleging that the defendant was negligent because he reinjured her hand on January 26, 1994, and failed to treat her herniated disk. The complaint is dismissed for lack of subject matter jurisdiction. The complaint is dismissed as legally frivolous under 28 U.S.C. Sec. 1915(d). Ms. Cromar is prohibited from initiating a civil action in the United States District Court for the District of Colorado without the representation of an attorney licensed to practice in the State of Colorado and admitted to practice in this court, unless she first obtains leave of the court to proceed pro se. Judgment for costs is waived.
 
 
 71
 (30) Yvonne P. Cromar v. Judge Matt M. Railey, No. 94-S-1563 (D.Colo. Aug. 8, 1994). Ms. Cromar, proceeding pro se and in forma pauperis, files a complaint against the Honorable Matt M. Railey alleging that, beginning on April 28, 1994, the defendant would not give back to her the cases she allegedly has removed to this federal court. The complaint is dismissed for lack of subject matter jurisdiction. The complaint is dismissed as legally frivolous under 28 U.S.C. Sec. 1915(d). Ms. Cromar is prohibited from initiating a civil action in the United States District Court for the District of Colorado without the representation of an attorney licensed to practice in the State of Colorado and admitted to practice in this court, unless she first obtains leave of the court to proceed pro se. Judgment for costs is waived.
 
 
 72
 (31) Yvonne P. Cromar v. Officer Hansen (Canon City Police), No. 94-S-1564, appeal filed, Aug. 8, 1994). Ms. Cromar, proceeding pro se and in forma pauperis, files a notice of removal removing Yvonne P. Cromar v. Officer Hansen (Canon City Police), 94-CV-0874, from El Paso County, Colorado, District Court to this court. She is removing 94-CV-0874 allegedly because the state court made a mistake in the case. The case is remanded to state court because the removal notice is statutorily deficient in two ways. Ms. Cromar is not the defendant in 94-CV-0874, and therefore is not the appropriate party to remove the action from state court to federal court. Ms. Cromar also has failed to file with the removal notice copies of all process, pleadings, and orders served upon her in the state court action. Ms. Cromar is warned that a district court has the power to enjoin litigants who abuse the court system, and that groundless and vexatious litigation will justify an order enjoining her from filing any claims without first seeking prior leave of court.
 
 
 73
 (32) Yvonne P. Cromar v. Shirley M. Burdick, No. 94-S-1638. Ms. Cromar, proceeding pro se and in forma pauperis, files a notice of removal removing Yvonne P. Cromar v. Shirley M. Burdick, 94-CV-0897, 94-C[V]-3037, 94-CV-0851 and 94-CV-0850 (the Cromar state case) from El Paso County, Colorado, District Court to this court. She is removing the Cromar state case allegedly because the state court made a mistake in it. The case is remanded to the El Paso County District Court because the removal notice is statutorily deficient. Ms. Cromar is not the defendant in the Cromar state case, and therefore is not the appropriate party to remove the action from state court to federal court. Ms. Cromar also has failed to file with the removal notice copies of all process, pleadings, and orders served upon her in the state court action.
 
 APPENDIX B
 
 74
 Procedures for Petition Seeking Leave To File Pro Se Action
 
 
 75
 Any documents Ms. Cromar wishes to submit for filing in this district shall be delivered to Room 145 of the Office of the Clerk, United States District Court, United States Courthouse, 1929 Stout Street, Denver, Colorado 80294. As a requisite to filing a pro se complaint or other paper, Ms. Cromar must tender three documents:
 
 
 76
 (1) A petition titled, "Petition Pursuant to Court Order Seeking Leave to File a Pro Se Action." Ms. Cromar shall affix a copy of this order to the petition;
 
 
 77
 (2) An affidavit in proper legal form as directed below; and
 
 
 78
 (3) A copy of the complaint or other paper sought to be filed in this district or a copy of the claims sought to be filed in this district.
 
 
 79
 The Petition Pursuant to Court Order Seeking Leave to File a Pro Se Action must contain the following information:
 
 
 80
 (1) a statement advising the court whether any defendant to the lawsuit was a party to, or was any way involved in, any prior lawsuit involving Ms. Cromar, and if so in what capacity;
 
 
 81
 (2) a list of all lawsuits in the United States District Court for the District of Colorado, the United States Court of Appeals for the Tenth Circuit, the United States Supreme Court, and state courts in which Ms. Cromar was or is a party; the name and citation of each case, if applicable, including jurisdiction; Ms. Cromar's involvement in each lawsuit; the status of each lawsuit; and the disposition;
 
 
 82
 (3) a list of all federal or state cases in which a judgment was rendered against Ms. Cromar, if any; the name and citation of each case; the amount of judgment rendered against her, if any; the amount of the judgment that remains outstanding; and the reasons why the judgment remains outstanding;
 
 
 83
 (4) a list of all federal or state cases in which a judgment was rendered in favor of Ms. Cromar, if any; the name and citation of each case; the amount of judgment rendered in favor of her, if any; the amount of the judgment that remains outstanding; and the reasons why the judgment remains outstanding; and
 
 
 84
 (5) a listing specifically identifying any procedural or monetary sanctions, assessment of attorneys' fees, contempt orders or jail sentences arising out of a civil prosecution, imposed against her by any court, including all appellate courts, if any; the name and citation of each case; a brief statement explaining the sanctions, attorneys' fees, contempt order, or jail sentence imposed, if any; the type or amount of sanctions; and the outstanding amount of monetary sanctions or attorneys' fees, if any; the status of the sanctions or contempt orders, if any; and their disposition.
 
 
 85
 Failure to satisfy monetary sanctions or the assessment of attorneys' fees imposed against Ms. Cromar by a court may be a consideration precluding approval of the petition seeking leave to file a pro se action.
 
 
 86
 The affidavit shall be in proper legal form, with appropriate jurat and notarization, and is to contain the following recitals:
 
 
 87
 (1) that the claim or claims Ms. Cromar wishes to present never before have been raised by her and disposed of by any federal or state court;
 
 
 88
 (2) that to the best of Ms. Cromar's knowledge the claim or claims are not frivolous or taken in bad faith; that the claim or claims are well grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; that the lawsuit is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. See Fed.R.Civ.P. 11; and
 
 
 89
 (3) that the claim or claims are not meant to harass any individual or entity.
 
 
 90
 We note that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." See 28 U.S.C. Sec. 1927 (1994).
 
 
 91
 The complaint or other paper sought to be filed in this district or claims sought to be filed in this district must comply with this order, Fed.R.Civ.P. 8, all other provisions contained in the Federal Rules of Civil Procedure, and the Local Rules of Practice for the United States District Court for the District of Colorado (Local Rules of Practice.)
 
 
 92
 The procedure for review of Ms. Cromar's intended filings is as follows:
 
 
 93
 Whenever Ms. Cromar submits a petition for leave to file a pro se action pursuant to this court order, the Clerk of the Court, or designated deputies, will accept the documents, mark them received, and immediately forward them to a United States District Judge.
 
 
 94
 The District Judge shall order approval or disapproval of the petition. The District Judge shall consider the following:
 
 
 95
 (1) whether Ms. Cromar has complied with this order in all particulars;
 
 
 96
 (2) whether Ms. Cromar's complaint or other paper complies with the Federal Rules of Civil Procedure and Local Rules of Practice;
 
 
 97
 (3) whether the complaint or other paper is frivolous, abusive, harassing or malicious;
 
 
 98
 (4) whether the claims raised in Ms. Cromar's complaint or other paper have been raised by her and disposed of by any federal or state court;
 
 
 99
 (5) whether there has been full compliance with Fed.R.Civ.P. 11, and all complaints or other papers and filings are not violative of 28 U.S.C. Sec. 1927;
 
 
 100
 (6) whether the complaint or other paper alleges claims against individuals or entities that may have immunity from suit; and
 
 
 101
 (7) such other reasonable requirements established by the court or the District Judge.
 
 
 102
 The District Judge shall not otherwise address the merits of the complaint or other paper.
 
 
 103
 In the discretion of the District Judge, the documents may be presented directly to a Magistrate Judge who shall pass on the petition, following procedures set forth herein. The Magistrate Judge shall submit proposed findings and a recommendation as to disposition of the petition to the District Judge or his or her designees. Copies of the proposed findings and recommendations shall be mailed to the petitioner and all interested parties who shall have ten days after service thereof to serve and file written, specific objections. If no such objections are timely filed, the Magistrate Judge's proposed findings and recommendations may be accepted by the District Judge or his or her designees and appropriate orders entered without further notice. See Fed.R.Civ.P. 72(a). No provision is made for oral presentations in support of the petition. Tripati v. Beaman, 878 F.2d 351, 354 (10th Cir.1989).
 
 
 104
 Failure to comply with the procedures and principles mandated by this order shall be sufficient grounds for denying the petition for leave to file.
 
 
 105
 The District Judge may order disapproval of the petition upon false recitals in the documents. Upon false recitals in the documents, Ms. Cromar may be considered in violation of this order, and she may be subject to other orders of the court, including appropriate sanctions. The provisions contained in Fed.R.Civ.P. 11 and 28 U.S.C. Sec. 1927 are incorporated into this order.
 
 
 106
 If the court enters an order granting the petition, the Clerk of the Court shall cause the complaint or other paper and materials to be filed nunc pro tunc to the date the documents were tendered. The assignment of the case shall be pursuant to the Local Rules of Practice.
 
 
 107
 All filings in the matter shall be in strict conformity with the Federal Rules of Civil Procedure and the Local Rules of Practice. This order shall not interfere in any way with pending actions, orders or judgments of any federal court involving Ms. Cromar.
 
 CERTIFICATE OF MAILING
 
 108
 I hereby certify that a copy of the ORDER OF DISMISSAL AND SANCTIONS signed by Judge Daniel B. Sparr and filed on August 8, 1994, was mailed on August 9, 1994, to the following:
 
 Yvonne P. Cromar
 4240 Hedge Lane
 Colorado Springs, CO 80917
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Ms. Cromar has filed a motion in some of the cases identifying herself as Yvonne P. Pudder. Consequently we identify her as shown in the caption