999 F.2d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Raymond SNELL, Plaintiff-Appellant,
v.
CITY AND COUNTY OF DENVER, Denver Police Department, Civil
Service Commission, Defendants-Appellees.
 No. 92-1370
 United States Court of Appeals, Tenth Circuit.
 July 2, 1993.
 
 Before SEYMOUR and TACHA, Circuit Judges, and ROGERS,* Senior District Judge.
 ORDER AND JUDGMENT**
 RICHARD D. ROGERS, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Raymond Snell appeals the district court's entry of summary judgment, dismissing his claims of race and age discrimination pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 (Title VII), and the Age Discrimination in Employment Act, 29 U.S.C. § 623 (ADEA). Because Snell had no property interest in being rehired, and because he failed to demonstrate that he was qualified for reemployment or that he was subjected to intentional discrimination, we affirm.
 
 
 3
 Raymond Snell, an African-American male over the age of forty, was employed as a Denver police officer from 1973 through 1981. In 1981, the police department deemed Snell to have constructively resigned when he failed to report for duty within five days after his leave of absence terminated. Although Snell initially appealed this decision, he later withdrew the appeal.
 
 
 4
 In 1986, Snell attempted to relitigate his 1981 constructive resignation in federal district court. His case was dismissed, however, because it was filed after expiration of the statute of limitations. See Snell v. City & County of Denver, No. 86-M-2378 (D.Colo. Dec. 18, 1987). We affirmed the dismissal in an unpublished order and judgment. See Snell v. City & County of Denver, No. 87-2887 (10th Cir. Mar. 2, 1990), cert. denied, 111 S.Ct. 111 (1990). In 1990, Snell once again attempted to challenge the constructive resignation, but his action was dismissed as barred by res judicata. See Snell v. City & County of Denver, No. 90-C-2093 (D.Colo. Dec. 14, 1990).
 
 
 5
 In March 1991, the City and County of Denver added section C5.65-1 to the Denver City Charter. This section provided for reemployment of certain police officers, as follows:
 
 
 6
 C5.65-1 Reemployment. Members of the classified service who were separated under honorable circumstances may be reemployed upon meeting each of the following:
 
 
 7
 (a) Written approval by the chief of the department;
 
 
 8
 (b) Written approval by the Manager of Safety;
 
 
 9
 (c) Written approval of a majority of the members of the Civil Service Commission; and
 
 
 10
 (d) Any other examination requirements as determined by Civil Service Commission rules, statutory requirements, and requirements of the Department of Safety.
 
 
 11
 ... In the event the approval of either the chief of the department, the Manager of Safety, or the Civil Service Commission is not granted, the former member shall have no right to seek review of that decision before the Civil Service Commission, the department chief, or the Manager of Safety.
 
 
 12
 In June 1991, Snell applied for reemployment pursuant to this provision. His application was denied on February 3, 1992, based on a Department of Safety guideline limiting reemployment to those applicants who had been separated from the department for less than three years. As a secondary reason, Snell's application was rejected because he was not "separated under honorable circumstances" in 1981.
 
 
 13
 Snell brought this action in the United States District Court for the District of Colorado, claiming that denial of his application for reemployment violated: (1) 42 U.S.C. § 1981; (2) 42 U.S.C. § 1983; (3) Title VII; and (4) the ADEA. The district court granted summary judgment in favor of the City and County of Denver, finding that Snell had no protected property interest in reemployment and that he failed to establish any intentional discrimination based on race or age. This appeal followed.
 
 
 14
 We review summary judgment decisions de novo, applying the same standards as those employed by the district court under Fed.R.Civ.P. 56(c). Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). Summary judgment is appropriate when, viewing the record in the light most favorable to the nonmoving party, "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Id.; see also Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990).
 
 
 15
 The moving party bears the initial burden of showing that there is an absence of issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once this burden has been met, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. Id. at 324. To sustain this burden, the nonmoving party cannot rest on mere allegations in the pleadings. Fed.R.Civ.P. 56(e); Celotex, 477 U.S. at 324; Applied Genetics, 912 F.2d at 1241.
 
 
 16
 We first determine whether Snell had a property interest in reemployment sufficient to support a § 1983 claim. Property interests protected by the due process clause are not created by the Constitution, but are created and their dimensions defined by sources such as state law. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985); Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1116 (10th Cir.1991). Thus, we look to Colorado law to determine the legitimacy of Snell's claim of entitlement to reemployment with the department.
 
 
 17
 The city charter makes it clear that Snell had no protected property interest in being reemployed. Section C5.65-1 provides only that a former member of the classified service "may" be reemployed. Reemployment, moreover, is conditioned upon an exercise of unfettered discretion by the department chief, the Manager of Safety, and a majority of the Civil Service Commission. The charter emphasizes the discretionary nature of these officials' decisions, stating that "[i]n the event the approval of either the chief of the department, the Manager of Safety, or the Civil Service Commission is not granted, the former member shall have no right to seek review of that decision." Such absolute discretion negates the existence of a protected property right, and thus Snell's § 1983 claim was properly dismissed. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 567, 578 (1972) (when state law left decision whether to rehire teacher to the "unfettered discretion of university officials," teacher had no property interest in reemployment); Campbell v. Mercer, 926 F.2d 990, 993 (10th Cir.1991) (protected property right in future employment created only when there are substantive state law restrictions on employer's discretion) (citing Asbill v. Housing Auth. of Choctaw Nation, 726 F.2d 1499, 1502 (10th Cir.1984); see also Graham v. City of Okla. City, 859 F.2d 142, 146 (10th Cir.1988) (police officer had no property interest in continued employment when city manager had discretion to determine when disciplinary action would be for the good of the service).
 
 
 18
 We turn now to Snell's claims of race and age discrimination. To assert a valid claim under § 1981, the ADEA, or for disparate treatment under Title VII, Snell must prove that he was subjected to intentional discrimination. See Patterson v. McLean Credit Union, 491 U.S. 164, 186 (1989) (§ 1981 claim); EEOC v. Sperry Corp., 852 F.2d 503, 507 (10th Cir.1988) (ADEA); International Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n. 15 (1977) (Title VII). Such proof takes place within the burden-shifting scheme developed in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973).
 
 
 19
 Under this framework, Snell has the initial burden of proving a prima facie case of discrimination. To meet this burden, he must show (1) that he is a member of a protected class; (2) that he applied and was qualified for a job for which the City was seeking applicants; (3) that, despite his qualifications, he was rejected; and (4) that, after his rejection, the City either continued to seek applicants or filled the position with a white or younger employee. Patterson, 491 U.S. at 186-87; McDonnell Douglas, 411 U.S. at 802. Upon such a showing, an inference of discrimination arises which may be rebutted by the City's evidence that Snell's application was rejected for a legitimate nondiscriminatory reason. Patterson, 491 U.S. at 187. The burden then shifts back to Snell to show that the City's proffered reason was merely pretextual and that his application was actually denied because of his race or age. Id.
 
 
 20
 Here, the district court found that Snell failed to establish a prima facie case of discrimination. Because Snell had been separated from the department for more than three years when he applied for reemployment, we conclude that he was not "qualified" for the position, based on the Department of Safety guideline.
 
 
 21
 Snell argues, however, that because the guideline was adopted after he submitted his application for reemployment, it should not apply retroactively. The prohibition against retrospective operation of laws, however, concerns only those laws which take away or impair "vested" or "substantial" rights. Taxpayers for the Animas-La Plata Referendum v. Animas-La Plata Water Conservancy Dist., 739 F.2d 1472, 1476-77 (10th Cir.1984); Ficarra v. Department of Regulatory Agencies, Div. of Ins., 849 P.2d 6, 15 (Colo.1993). A "vested right" is
 
 
 22
 something more than a mere expectation based upon an anticipated continuance of the existing law. It must have become a title, legal or equitable, to the present or future enjoyment of property or to the present or future enjoyment of the demand, or a legal exemption from a demand made by another.
 
 
 23
 Ficarra, 849 P.2d at 16 (quoting People ex rel. Eitel v. Lindheimer, 21 N.E.2d 318, 321 (Ill.1939)). Here, because Snell's right to reemployment was subject to the discretion of several city officials, it was merely "inchoate," as opposed to "vested." His right to be reemployed, therefore, was not sufficiently substantial as to preclude retrospective application of the department guideline. See Taxpayers for the Animas-La Plata Referendum, 739 F.2d at 1477; see also Evans v. Board of County Comm'rs, 772 F.Supp. 1178, 1180 (D.Colo.1991) (because plaintiff had no vested rights upon submitting an application for a permit, it was not improper to apply a resolution enacted fourteen months thereafter).
 
 
 24
 Snell also argues that the department enacted the three-year guideline in order to discriminate against him on the basis of race. Snell, however, has failed to produce any evidence to support this claim. In fact, the only evidence before the district court was that the three-year limitation has been used to eliminate ten applicants, the majority of whom are white. Snell's bald assertion of discrimination, without more, is insufficient to create a genuine issue of material fact.
 
 
 25
 We decline to address Snell's remaining arguments. Because the three-year guideline provided an adequate reason to reject Snell's application, we need not reach the issue of his constructive discharge. His contentions regarding the propriety of adopting the department guideline are irrelevant because they do not go to the issue of discrimination, but only to issues of state law.
 
 
 26
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3