82 F.3d 426
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Raymond SNELL, Plaintiff-Appellant,
v.
THE CITY AND COUNTY OF DENVER, a municipal corporation of
the State of Colorado, Defendant-Appellee.
 No. 95-1181.
 United States Court of Appeals, Tenth Circuit.
 April 9, 1996.
 ORDER AND JUDGMENT[1]
 
 1
 Before BRORBY and SETH,[2] Circuit Judges, and BRIMMER,*** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff-appellant Raymond Snell appeals the district court's entry of summary judgment in favor of the City and County of Denver (City), dismissing his due process and privacy claims brought pursuant to 42 U.S.C.1983, and his claims brought under the Americans with Disabilities Act (ADA), 42 U.S.C. 12112(a), and several Colorado statutes. We affirm, and enjoin Mr. Snell from relitigating his 1981 constructive resignation from the Denver Police Department, without leave of the district court.
 
 
 4
 Raymond Snell was employed as a Denver police officer from 1973 through 1981. In 1981, the police department deemed Mr. Snell to have constructively resigned when he failed to report for duty within five days after his leave of absence terminated. Although Mr. Snell initially appealed this decision, he later withdrew the appeal.
 
 
 5
 In 1986, Mr. Snell attempted to litigate his 1981 constructive resignation in federal district court, naming as defendants the City, the Mayor, the City's Manager of Safety, the Chief of Police, members of the Civil Service Commission, and his former attorney. The case was dismissed because it was filed after expiration of the statute of limitations. See Snell v. City & County of Denver, No. 86-M-2378 (D.Colo. Dec. 18, 1987), at R. I, doc. 39, ex. 9. We affirmed the dismissal in an unpublished order and judgment. See Snell v. City & County of Denver, No. 87-2887 (10th Cir. Mar. 2, 1990), cert. denied, 498 U.S. 838 (1990), at R. I, doc. 39, ex. 11.
 
 
 6
 In 1990, Mr. Snell again attempted to challenge the constructive resignation in federal district court, but his action was dismissed as barred by res judicata. See Snell v. City & County of Denver, No. 90-C-2093 (D.Colo. Dec. 14, 1990), at R. I, doc. 39, ex. 14.
 
 
 7
 In 1992, Mr. Snell brought an action in federal district court challenging the City's failure to reinstate him under a recently enacted provision of the city charter. See Snell v. City & County of Denver, No. 92-C-360 (D.Colo. Aug. 19, 1992), at R. I, doc. 39, ex. 16. Although the district court specifically refused to consider whether Mr. Snell's separation from the police department was under dishonorable circumstances, thereby disqualifying him from reinstatement, id., Mr. Snell again attempted to litigate the propriety of his constructive resignation on appeal, see Snell v. City & County of Denver, No. 92-1370, 1993 WL 262569 (10th Cir. July 2, 1993), cert. denied, 114 S.Ct. 1322 (1994). In affirming the district court's summary judgment, we declined to address the constructive resignation. Id. at * 4.
 
 
 8
 In 1992, Mr. Snell brought an action in the Colorado state district court, again challenging the propriety of his constructive resignation and the City's failure to reinstate him. He also raised, for the first time, a claim that the City violated several statutes and his constitutional right to privacy by submitting a medical report in the federal district court, case No. 92-C-360. The district court dismissed Mr. Snell's claims for the reasons set out in the defendants' motion to dismiss, which included res judicata and collateral estoppel. See Snell v. City & County of Denver, No. 92-CV-7404 (Jan. 5, 1993), at R. I, doc. 39, ex. 21; Motion to Dismiss, R. I, doc. 39, exs. 19, 20. The Colorado Court of Appeals dismissed his appeal as untimely, Snell v. City & County of Denver, No. 93CA671 (Sept. 17, 1993), at R. I, doc. 39, ex. 22.
 
 
 9
 In 1994, Mr. Snell brought the current action in the United States District Court for the District of Colorado, claiming that disclosure of the medical report in case No. 92-C-360 violated his right to privacy, the ADA, and various Colorado state laws. Once again, Mr. Snell challenged his 1981 constructive resignation, alleging that his right to due process was violated in several respects. The district court adopted the magistrate judge's recommendation that summary judgment be granted in favor of the City on the grounds that (1) disclosure of the medical report did not render the City liable under either 42 U.S.C.1983 or the ADA, and (2) the claims relating to Mr. Snell's constructive resignation were barred by res judicata. The court also adopted the magistrate judge's recommendation that it decline to exercise supplemental jurisdiction over the state law claims based on the dismissal of the underlying federal claims. Costs were assessed against Mr. Snell, and this appeal followed.
 
 
 10
 We review a grant of summary judgment de novo, applying the same standards as those used by the district court. Pride v. Does, 997 F.2d 712, 716 (10th Cir.1993). Summary judgment is appropriate when "the pleadings ... [and] affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We view the record in the light most favorable to the party opposing the motion. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991).
 
 Disclosure of the Medical Report
 
 11
 Mr. Snell sought to hold the City liable for disclosing his medical records in case No. 92-C-360. To impose 1983 liability upon a municipality, the plaintiff must show that the injury was inflicted by "execution of a government's policy or custom, whether made by lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978). Here, Mr. Snell did not show that the City's policy was to disclose medical records, and, in fact, he specifically alleged that the disclosure contravened official policy. See Complaint, R. I, doc. 3 at 3; Amended Complaint, R. I, doc. 35 at 3 (alleging that city attorneys' act violated City's policy, as expressed in several memos, not to disclose such information without a court order). Summary judgment was proper, therefore, on Mr. Snell's first claim for relief.
 
 
 12
 Mr. Snell also claimed that disclosure of the report violated the ADA because it was intended to "[p]rejudice the court against a person with a disability ... [namely,] high blood pressure and a stomach disorder." Amended Complaint, R. I, doc. 35 at 2. This conduct is not covered by section 12112(a) of title 42, however, because that section applies only to employment decisions. As noted by the district court, the decision to disclose the medical report was a litigation decision, which did not fall within the parameters of the ADA.
 
 
 13
 Finally, Mr. Snell raised several state law claims concerning disclosure of the medical report. Once a federal court dismisses the claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over related state law claims. 28 U.S.C. 1367(c)(3). We hold the district court did not abuse its discretion in dismissing Mr. Snell's state law claims. See Panis v. Mission Hills Bank, N.A., 60 F.3d 1486, 1492 (10th Cir.1995), cert. denied, 116 S.Ct. 1045 (1996).
 
 Costs
 
 14
 Mr. Snell argues that the district court erred in assessing costs because the case was dismissed on summary judgment, and because he appeared pro se. No authority is cited for these propositions. Rule 54(d) of the Federal Rules of Civil Procedure authorizes an award of costs to a prevailing party without regard to a litigant's represented or pro se status. Moreover, a party who has been granted summary judgment is a "prevailing party." See Tulsa Litho Co. v. Tile & Decorative Surfaces Magazine Publishing, Inc., 69 F.3d 1041, 1043 (10th Cir.1995). The district court did not abuse its discretion, therefore, in ordering Mr. Snell to pay the City's costs.
 
 1981 Constructive Resignation
 
 15
 This is the fifth time that Mr. Snell has attempted to litigate the propriety of his constructive resignation from the Denver Police Department. This claim was dismissed in 1986 based on the expiration of the statute of limitations. Since that dismissal, the claim has been barred by the doctrine of res judicata, which prohibits a litigant from bringing the same claim, against the same parties, after it has been determined once on its merits. See Hoxworth v. Blinder, 74 F.3d 205, 208 (10th Cir.1996)(setting out requirements and rationale of res judicata doctrine); Murphy v. Klein Tools, Inc., 935 F.2d 1127, 1128-29 (10th Cir.) (holding that dismissal on statute of limitations grounds is judgment on the merits for res judicata purposes), cert. denied, 502 U.S. 952 (1991). Mr. Snell's argument that the City's failure to reinstate him resurrected the constructive resignation issue is without merit, as the City's decision rested also on the independent ground that Mr. Snell separated from the police force more than three years before requesting reinstatement.
 
 
 16
 Mr. Snell seems unwilling to accept the fact that he waited too long before filing his lawsuit in 1986, and that his challenge to the 1981 constructive resignation is now precluded by the decision in Snell v. City & County of Denver, No. 86-M-2378 (D.Colo. Dec. 18, 1987), aff'd, Snell v. City & County of Denver, No. 87-2887 (10th Cir. Mar. 2, 1990), cert. denied, 498 U.S. 838 (1990). This court has the power to impose sanctions on Mr. Snell for his repeated attempts to litigate this issue, including double costs, attorney fees, and carefully tailored restrictions on future filings. See Christensen v. Ward, 916 F.2d 1462, 1469 (10th Cir.), cert. denied, 498 U.S. 999 (1990). Before such restrictions are instituted, the court must set forth a party's abusive and lengthy litigation history, describe what the party must do to obtain permission to file an action, and afford the party notice and an opportunity to oppose the court's order. Tripati v. Beaman, 878 F.2d 351, 353-54 (10th Cir.1989). The opportunity to respond does not require an in-person hearing, but may be limited to a written response. Id. at 354.
 
 
 17
 After considering Mr. Snell's abusive and lengthy litigation history, as set out above, we conclude that the following order, enjoining Mr. Snell from relitigating his 1981 constructive resignation, is appropriate:
 
 ORDER
 
 18
 Plaintiff-appellant, Raymond Snell, is hereby enjoined from filing any new action in the United States District Court for the District of Colorado against the City and County of Denver, any agency thereof, or any of its employees, which challenges the propriety of his 1981 constructive resignation from the Denver Police Department or the procedures used to effect such constructive resignation, without leave of the district court. Failure to seek leave constitutes grounds for immediate dismissal of the action.
 
 
 19
 In seeking the court's leave, Mr. Snell must comply with the following requirements:
 
 
 20
 (a) file a "Motion Pursuant to Court Order Seeking Leave to File" and attach thereto a copy of this order;
 
 
 21
 (b) attach a copy of the proposed complaint, with a sworn affidavit that his claims have not been asserted previously and/or have not been litigated and resolved previously;
 
 
 22
 (c) attach a list of all lawsuits currently pending or filed previously with any federal court, including the name, number and citation, if applicable, of those cases, and a statement indicating the current status or disposition of the case; and
 
 
 23
 (d) attach a copy of the complaint in each of the lawsuits identified in (c) above.
 
 
 24
 As required by Tripati, 878 F.2d at 354, the Clerk is hereby directed to issue an order directing Mr. Snell to show cause why the above sanction should not be imposed. Mr. Snell's response shall be limited to five pages. See Christensen, 916 F.2d at 1469. If no objections are filed within ten days of the Clerk's order, or if the court does not find the objections persuasive, the filing restriction will be imposed, and will apply to any matter filed after that time.
 
 
 25
 All pending motions are DENIED. The judgment of the United States District Court for the District of Colorado is AFFIRMED, and the Clerk shall issue the above-described order forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 Judge Seth died March 27, 1996. However, he had fully considered the matter and voted prior to his death
 
 
 ***
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation