**Anant Kumar TRIPATI,**
**Plaintiff–Appellant,**

v.

**William C. BEAMAN,**
**Defendant–Appellee.**

No. 88–1774.

United States Court of Appeals,
Tenth Circuit.

July 7, 1989.

Anant Kumar Tripati, pro se.

William C. Beaman, pro se.

Before McKAY and ANDERSON, Circuit Judges, and BROWN, District Judge.*

* The Honorable Wesley E. Brown, District Judge, United States District Court for the District of Kansas, sitting by designation.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Plaintiff Anant Kumar Tripati seeks review of an order of the United States District Court for the District of Wyoming dismissing his action against the clerk of that court, brought pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff alleged the clerk was not properly processing plaintiff's papers and specifically that a notice of appeal had been lost or misplaced. In addition to dismissing the action, the court directed that the clerk would file no further complaints or other pleadings without leave of the court and that if leave were not granted in ten days, the clerk was to return plaintiff's papers to him.

The "misplaced" notice of appeal was the subject of this court's decision in *United States v. Tripati*, No. 87–2474 (10th Cir. filed Oct. 20, 1988). We therefore consider only whether the restrictions placed on plaintiff's future filings are proper.

A district court has power under 28 U.S.C. § 1651(a) to enjoin litigants who abuse the court system by harassing their opponents. *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir.1980) (history of case revealed plaintiff had forced defendants in and out of court for five years); *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982) (scope of All Writs Act includes district court's issuance of order restricting filing of meritless cases); *Castro v. United States*, 775 F.2d 399, 408 (1st Cir.1985) (§ 1651(a) authorizes federal courts to issue writs necessary or appropriate in aid of respective jurisdictions); *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982) (§ 1651(a) empowers court to give injunctive relief against vexatious litigant), *cert. denied*, 459 U.S. 1206, 103 S.Ct. 1195, 75 L.Ed.2d 439 (1983); *Chandler v. O'Bryan*, 445 F.2d 1045, 1056 (10th Cir. 1971) (federal court has power to enjoin harassing and vexatious litigation in appro-

priate circumstances), *cert. denied*, 405 U.S. 964, 92 S.Ct. 1176, 31 L.Ed.2d 241 (1972). Appellate courts enjoy the same power. *Johnson v. Cowley*, 872 F.2d 342 (10th Cir.1989) (declining to entertain original writs alleging only grievances against prison officials); *Green v. Warden*, 699 F.2d 364, 367 (7th Cir.) (appellate court has power under § 1651(a) to issue writs and orders in aid of jurisdiction), *cert. denied*, 461 U.S. 960, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983); *Green v. Carlson*, 649 F.2d 285, 287 (5th Cir.) (conditioning filing of original proceedings as well as pleadings in district courts), *cert. denied*, 454 U.S. 1087, 102 S.Ct. 646, 70 L.Ed.2d 623 (1981); *see also In re McDonald*, —— U.S. ——, 109 S.Ct. 993, 994, 103 L.Ed.2d 158 (1989).

This court's opinion in *Cotner v. Hopkins*, 795 F.2d 900, 902–903 (10th Cir.1986) is instructive:

There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances. *See, e.g., In re Martin–Trigona*, 737 F.2d 1254 (2d Cir.1984); *In re Oliver*, 682 F.2d 443 (3d Cir.1982); *In re Green*, 669 F.2d 779 (D.C.Cir.1981); *Pavilonis v. King*, 626 F.2d 1075 (1st Cir.), *cert. denied*, 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed.2d 34 (1980); *Gordon v. United States Dept. of Justice*, 558 F.2d 618 (1st Cir.1977). "[E]ven onerous conditions" may be imposed upon a litigant as long as they are designed to assist the district court in curbing the particular abusive behavior involved. *Carter v. United States*, 733 F.2d 735, 737 (10th Cir.1984), *cert. denied*, 469 U.S. 1161, 105 S.Ct. 915, 83 L.Ed.2d 928 (1985) (quoting *In re Green*, 669 F.2d 779, 786 (D.C.Cir.1981)). The conditions cannot be so burdensome, however, as to deny a litigant meaningful access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).

Here, the district court required that plaintiff meet the following preconditions before filing future actions: (1) he must carry a stronger burden of proof that he

is economically unable to pay filing fees; (2) he must demonstrate to the court that his action is commenced in good faith and not malicious or "without arguable merit"; (3) his pleadings must be certified as provided by Fed.R.Civ.P. 11; (4) he must include in every complaint filed a list of every previous action filed; and (5) he must send all pleadings to the defendants and provide the court with proof of service. These preconditions are clearly the type of carefully tailored restrictions contemplated by the various courts that have addressed the question of restraints on abusive litigants. *See In re Green, supra* (litigant required to certify that claims advanced have never been raised before); *Green v. White,* 616 F.2d 1054, 1055 (8th Cir.1980) (litigant required to list all causes previously filed on same, similar, or related actions); *Graham v. Riddle,* 554 F.2d 133, 134–35 (4th Cir. 1977) (prefiling review and denial of leave to file in forma pauperis except upon a showing of good cause). Thus, the restrictions imposed were appropriate.

Litigiousness alone will not support an injunction restricting filing activities. *In re Oliver,* 682 F.2d at 446; *Pavilonis v. King,* 626 F.2d 1075, 1079 (1st Cir.), *cert. denied,* 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed. 2d 34 (1980); *Castro v. United States,* 775 F.2d at 408; *Ruderer v. United States,* 462 F.2d 897, 899 (8th Cir.), *cert. denied,* 409 U.S. 1031, 93 S.Ct. 540, 34 L.Ed.2d 482 (1972).

However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth. *See, e.g., Johnson v. Cowley,* 872 F.2d at 344–46; *Castro v. United States,* 775 F.2d at 409 n. 11; *Green v. Warden,* 699 F.2d at 365–66 (listing chronology of filings); *In re Green,* 669 F.2d 779, 781–85 (D.C.Cir.1981) (reciting extensive litigation history); *Franklin v. Murphy,* 745 F.2d 1221, 1229–36 (9th Cir.1984) (listing cases); *Peck v. Hoff,* 660 F.2d 371, 374 and n. 2 (8th Cir.1981) (eighteen cases filed and twenty-three more ready to file warranted injunction); *Ruderer v. United States,* 462 F.2d at 899 n. 2 (listing cases); *In re Martin–Trigona,* 737

F.2d 1254, 1264–74 (2d Cir.1984) (reciting cases); *In re Hartford Textile Corp.,* 681 F.2d at 896–97 (reciting history of abusive litigation); *In re Tyler,* 839 F.2d 1290, 1291–95 (8th Cir.1988) (reciting abusive litigation history); *Carter v. Telectron, Inc.,* 452 F.Supp. 944, 954–88 (S.D.Tex.1977) (listing 178 previously filed actions); *cf. Sires v. Gabriel,* 748 F.2d 49, 52 (1st Cir. 1984) (absent findings of abuse of judicial process or harassment of defendants, injunction is improper).

 In sum, the right of access to the courts is neither absolute nor unconditional, *In re Green,* 669 F.2d at 785, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. *Phillips v. Carey,* 638 F.2d 207, 208 (10th Cir.), *cert. denied,* 450 U.S. 985, 101 S.Ct. 1524, 67 L.Ed.2d 821 (1981); *State v. Carter,* 678 F.Supp. 1484, 1486 (D.Colo.1986). No one, rich or poor, is entitled to abuse the judicial process. *Hardwick v. Brinson,* 523 F.2d 798, 800 (5th Cir.1975).

In addition to the limitations upheld by this court in *Cotner v. Hopkins,* 795 F.2d at 902, there are other restrictions available to the district court. *See Van Sickle v. Holloway,* 791 F.2d 1431, 1437 (10th Cir.1986) (prohibiting complaints raising same or similar allegations in case at bar); *Castro v. United States,* 775 F.2d at 402 (injunction barred further pleadings in case or further litigation with respect to specific subject matter); *Lacks v. Fahmi,* 623 F.2d 254, 257 (2d Cir.1980) (same); *Franklin v. Murphy,* 745 F.2d at 1232 (beyond six actions per year, litigant required to obtain leave of court, certify claims are new, and providing for punishment for contempt if litigant failed to certify or certified falsely); *see also Procup v. Strickland,* 792 F.2d 1069, 1072–73 nn. 2–10 (11th Cir.1986) (en banc) (collecting cases employing various restrictions); *Green v. Warden,* 699 F.2d at 367 (allowing only new claims never before raised or disposed of); *In re Tyler,* 839 F.2d at 1295 (inmate restricted to one free complaint per month unless immediate physical harm claimed).

■ Concomitant with the restrictions available to the district court, however, there must be some guidelines as to what plaintiff must do to obtain the court's permission to file an action. *See Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir.1985) (in enjoining litigant from further filings, court specified conditions for obtaining leave of court); *In re Green*, 669 F.2d at 787–788 (D.C.Cir.1981) (listing requirements for filing); *Green v. White*, 616 F.2d at 1055–56 (specifying procedures to be followed); *Cotner v. Hopkins*, 795 F.2d at 902; *Carter v. Telectron*, 452 F.Supp. at 1003. Because there are no such provisions set forth in the district court's injunction, the grant or denial of leave to file an action is left completely to the whim of the court.

■ In addition, Mr. Tripati is entitled to notice and an opportunity to oppose the court's order before it is instituted. *Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir.1987) (prior notice required); *In re Oliver*, 682 F.2d at 446 (same); *In re Hartford Textile Corp.*, 613 F.2d 388, 390 (2d Cir. 1979) (district court must assume burden to notify party to be enjoined and to invite response), *cert. denied*, 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 856 (1980); *see also Pavilonis v. King*, 626 F.2d at 1077 (magistrate recommended restrictions on filing new actions; plaintiff filed objections to recommendation).

The notice and opportunity requirement does not, however, require an in-person hearing in the district court. Mr. Tripati is perfectly capable of reducing his objections to writing.

Accordingly, we vacate and remand for further proceedings that part of the district court's judgment imposing restrictions on plaintiff's future filings. The judgment is affirmed in all other respects. We emphasize that the district court's discretion in tailoring appropriate conditions under which Mr. Tripati may commence and prosecute future lawsuits is extremely broad and that we will not disturb that court's choice of requirements absent abuse of that discretion.

The judgment of the United States District Court for the District of Wyoming is AFFIRMED in part and VACATED and REMANDED in part.

The mandate shall issue forthwith.