16 F.3d 415
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert E. COTNER, Petitioner-Appellant,
v.
Michael CODY, Warden; and Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 93-5181.
 United States Court of Appeals, Tenth Circuit.
 Feb. 7, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 MOORE
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Robert E. Cotner is another of the prodigious pro se filers who regularly inundate this and the federal district courts with repetitive and largely frivolous filings. See Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir.1986). The appeal with which we deal[2] is whether the District Court of the Northern District of Oklahoma properly restricted Mr. Cotner from filing further pleadings in this case. That order allowed Cotner to file only in response to a motion by the respondent or upon order of the court.
 
 
 3
 "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." Tripati v. Beaman, 878 F.2d 351, 353, (10th Cir.1989) (citations omitted). "[I]njunctions are proper where the litigant's abusive and lengthy history is properly set forth." Id. In this case, the district court's order does not contain the ordinarily required recitation of frivolous filings, id., but Mr. Cotner's litigious proclivities are so well known we cannot hold the district court was at fault.
 
 
 4
 The issue is not whether the order was properly grounded, but whether it is sufficiently detailed so it is not unduly restrictive on petitioner's right of access. "Concomitant with the restrictions available to the district court, however, there must be some guidelines as to what plaintiff must do to obtain the court's permission to file an action." Id. at 354. It is proper, under the correct circumstances, for a district court to entirely enjoin the filing of further pro se pleadings in a given case. Castro v. United States, 775 F.2d 399, 402 (1st Cir.1985). Here, however, the injunction was not absolute.
 
 
 5
 Petitioner has been given the right to file responsive pleadings or those ordered by the court. The court, however, did not give petitioner any guidance about how such an order can be obtained.
 
 
 6
 For that reason, the matter is REMANDED for amendment of its injunctive order explaining how petitioner can obtain an order of court permitting him to file a pleading in this case. In all other respects, the order of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 [2]
 After a winnowing of issues by another panel in the order of August 27, 1993