66 F.3d 339
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Teresa Mae ROEVER, Plaintiff-Appellant,
v.
John W. SUTHERS, Defendant-Appellee.
Teresa Mae ROEVER, Plaintiff-Appellant,
v.
EL PASO COUNTY SHERIFF'S DEPARTMENT, Defendant-Appellee.
 Nos. 95-1138, 95-1139.
 United States Court of Appeals, Tenth Circuit.
 Aug. 31, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. These cases are therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Theresa Mae Roever filed these 1983 claims against the El Paso County Sheriffs Department and El Paso County district attorney John W. Suthers. Because we agree with the district court that these claims are frivolous, we affirm the district court.
 
 
 3
 Ms. Roever is an inmate at the Criminal Justice Center in Colorado Springs, Colorado. She filed separate actions against the sheriff's department and district attorney's office for violating her constitutional rights in connection with her prosecution for murder. In her complaints, Ms. Roever alleged that the sheriff's department and district attorney's office had coerced witnesses, discriminated against her on the basis of her race and religion, disturbed her home while conducting a search, tampered with evidence, and made false statements. The district court dismissed the claims as legally frivolous pursuant to 28 U.S.C.1915(d). We review the district court's dismissal for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). After reviewing the record in this case, we hold that the district court did not abuse its discretion and affirm for generally the same reasons as the district court.
 
 
 4
 We also reiterate the district court's warning to Ms. Roever. The district court has the power to enjoin a litigant who has engaged in groundless and abusive litigation from further litigation without leave of the district court. See Tripati v. Beaman, 878 F.2d 351, 353-53 (10th Cir.1989).
 
 
 5
 In addition, Ms. Roever alleges for the first time on appeal that the jury was not attentive during her trial and that her counsel was ineffective. However, we will not review allegations on appeal that the plaintiff has failed to raise with the district court. Gillihan v. Shillinger, 872 F.2d 935, 938 (10th Cir.1989). The district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)