# UNITED STATES COURT OF APPEALS
**Filed 3/12/96**
## TENTH CIRCUIT

RICHARD NAGOL,

      Plaintiff - Appellant,

      v.

LUNA COUNTY; SCOTT VINSON, County
Manager; BURT IRWIN, County Commissioner;
TOM LINDSAY, County Commissioner; FRED
HERRERA, County Commissioner; HONORABLE
FRED GIFFORD, County Magistrate;
HONORABLE MANUAL D.V. SAUCEDO,
District Court Judge,

      Defendants - Appellees.

No. 95-2109

D. New Mexico

(D.C. No. CIV-95-377-M)

## ORDER AND JUDGMENT[*]

Before **ANDERSON, BARRETT**, and **LOGAN**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered

submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. The court generally disfavors the citation
of orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

Richard Nagol brought this in forma pauperis pro se action alleging various constitutional and pendent state law claims against the County of Luna, its manager and commissioners, the county magistrate, and a state court judge. The district court dismissed the complaint sua sponte, for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Nagol appeals the dismissal, contending that the district court erred on the facts and the law. We affirm.

The relevant facts are fully set forth in the district court's Memorandum Opinion and Order, R. Vol. I, Tab 4. Briefly, Nagol's action arises from incidents at two public meetings. At the first, he criticized certain ordinances which the commission proposed, called Commissioner Vinson stupid, and shook his finger at him, and he claims that Vinson responded by approaching him in a threatening manner. He alleges that subsequently, as part of a conspiracy to cover up alleged crimes, the commissioners and county manager improperly refused his demand to be placed on the agenda for a second meeting. In so doing, he argues that they denied his First Amendment rights of free speech and association, and violated the Fourth Amendment by forcibly removing and falsely arresting him when he attempted to speak at that second meeting. He also alleges that the magistrate judge and state district court judge denied him due process and equal protection by placing unconstitutional restrictions on his access to state courts. In addition to his constitutional claims, his action includes pendent state claims for assault,

defamation, and malfeasance in office. In his brief to us, Nagol cites no authority, but generally refers to his U.S. Constitutional rights.

We review the district court's dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) de novo. Although we liberally construe a pro se plaintiff's pleadings, Haines v. Kerner, 404 U.S. 519, 520 (1972), we will not supply additional facts, nor will we construct a legal theory. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989), cert. denied, 493 U.S. 1059 (1990).

Broadly construed, Nagol's complaint seems to seek a remedy in federal court under 42. U.S.C. § 1983. However, it is well settled that not every injury inflicted by a state official acting under color of law is actionable under § 1983, and "[v]iolation of local law does not necessarily mean that federal rights have been invaded." Paul v. Davis, 424 U.S. 693, 700 (1976) (quoting Screws v. United States, 325 U.S. 91, 108 (1945)).

Thus, the district court correctly ruled that "the barring and physical removal of plaintiff from the meeting as well as his subsequent arrest when plaintiff attempted to reenter, smack of tort law," and do not rise to the level of constitutional violations. R. Vol. I, Tab 4 at 4 (citing Parratt v. Taylor, 451 U.S. 527, 544 (1981), overruled in part on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986)). Rather, as the court noted, the situation clearly involved "individual conduct for which there exists adequate state remedy," and not the "unlawfulness of an established state procedure." Id.

- 3 -

Regarding Nagol's equal protection and due process claims, the district court correctly held that the magistrate and state court judge are absolutely immune from suit for damages. See Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir.), cert. denied, 115 S. Ct. 107 (1994). Additionally, to the extent that Nagol seeks injunctive relief and reversal of the state court's restrictions resulting from earlier litigation, he has failed to provide any evidence which would indicate a denial or lack of state procedures to remedy his alleged injury, or which would otherwise show that he did not have a full and fair opportunity to litigate the issue. In any event, we agree with the district court's conclusion that the state court's narrowly written requirement that Nagol be represented by counsel or have prior judicial approval to file suits is constitutional. See Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989).

Accordingly, the district court properly dismissed the complaint for failure to state a claim upon which relief can be granted.

AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge