UNITED STATES COURT OF APPEALS
**Filed 4/25/96**
TENTH CIRCUIT

BENJAMIN J. ROSCOE,

      Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant - Appellee.

No. 95-2249

(D.C. No. CIV 94-638)

(D. N.M.)

ORDER AND JUDGMENT[*]

Before SEYMOUR, Chief Judge, McKAY, and LUCERO, Circuit Judges.

The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R. App. P. 34(f), 10th Cir. R. 34.1.2. After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Benjamin Roscoe, proceeding pro se, appeals from the district court's dismissal of his cause of action. Mr. Roscoe originally filed this lawsuit in New Mexico

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

state court against two Federal Bureau of Investigation agents for allegedly trespassing on his property. The alleged trespass occurred when the agents attempted to interview a bookkeeper at one of the apartment buildings owned by Mr. Roscoe. After the agents removed the case to federal court, the district court construed the complaint to allege a cause of action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. It then substituted the United States as a party defendant and dismissed the agents from the case. Next, the court dismissed the lawsuit without prejudice because Mr. Roscoe had failed to exhaust his administrative remedies as required by the FTCA. 28 U.S.C. § 2675(a). In a subsequent order, the district court also imposed filing restrictions on Mr. Roscoe.

On appeal, Mr. Roscoe claims that the court erred by construing his complaint as an attempt to state a cause of action under the FTCA. Rather, he argues that he asserted a claim under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Mr. Roscoe also claims that the district court erred when it imposed filing restrictions without giving him notice or an opportunity to respond. For the reasons that follow, we affirm the district court's dismissal of the case but reverse and remand on the issue of filing restrictions.

Mr. Roscoe first claims that he asserted a Bivens claim rather than an FTCA claim. We have reviewed the record and hold that the district court did not err in construing Mr.

2

Roscoe's complaint as an FTCA claim. In his pleadings and other court documents, Mr. Roscoe continually refers to his claim as a trespass action. He also failed to inform the district court at any relevant point that he intended to sue for a violation of his constitutional rights under Bivens. Rather, the gist of Mr. Roscoe's complaint appears to be his belief that FBI agents committed the common-law tort of trespass. Even construing Mr. Roscoe's pro se claim liberally, we believe the district court properly construed the complaint to allege an FTCA action.[1] Because Mr. Roscoe failed to file his claim with the appropriate federal agency before instituting this case, as is required by the FTCA, the district court properly granted Defendant's motion to dismiss.

After dismissing the case, the district court entered sua sponte an order imposing filing restrictions on Mr. Roscoe. The order requires Mr. Roscoe either to be represented by counsel or to obtain the permission of a federal district court judge before filing any actions pro se. In Tripati v. Beaman, 878 F.2d 351 (10th Cir. 1989), we held that a district court may place restrictions on litigants with a history of abusive or frivolous filings. Before the court may enjoin a litigant, however, it must set forth the litigant's history of abusive or frivolous filing activities. Id. at 353. Additionally, the court must

_____

[1]Were we to analyze this case as a Bivens action, we believe Mr. Roscoe's complaint still would be dismissed. Assuming that a trespass did occur, the activity at the heart of Mr. Roscoe's complaint simply does not rise to the level of a constitutional violation.

give "some guidelines as to what plaintiff must do to obtain the court's permission to file an action." Id. at 354. Finally, the court must give the litigant notice of the proposed restrictions and an opportunity to respond. Id. In this case, the district court failed to meet any of these requirements. It did not set forth Mr. Roscoe's litigation history, it provided no guidelines for the approval or denial of any pro se filings, and it did not give Mr. Roscoe notice or an opportunity to respond. Thus, we reverse the district court's imposition of filing restrictions and remand for consideration of the Tripati requirements listed above.

AFFIRMED in part and REVERSED and REMANDED in part. The mandate shall issue forthwith.

Entered for the Court

Monroe G. McKay
Circuit Judge