**In re Donald Erwin ARMSTRONG, Debtor.**

No. 00–26592.

United States Bankruptcy Court, D. Utah, Central Division.

July 28, 2003.

public delict; the civil judgment and the consequences thereof, including this chapter 13 case, are part of the answer to Mr. Dutchover for Debtor's private delict.

Donald E. Armstrong, Park City, UT, Pro Se.

Lon Jenkins, Salt Lake City, UT, for Chapter 11 Trustee, Kenneth A. Rushton.

### *ORDER*

TOM R. CORNISH, Bankruptcy Judge.

On the 23rd day of June, 2003, the Trustee's Motion for Entry of Order Imposing Vexatious Litigant Filing Restrictions and Other Procedural Limitations on Debtor Donald E. Armstrong came on for hearing. Counsel appearing were Lon Jenkins for Kenneth A. Rushton, Chapter 11 Trustee and Donald E. Armstrong, pro se. This Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed. R. Bankr.P., in this core proceeding.

Prior to this hearing but after the time for filing objections had expired, Armstrong filed a Motion for Permission to file an Objection to the Trustee's Motion for Entry of Order Imposing Vexatious Litigant Filing Restrictions and Other Procedural Limitations on Debtor Donald E. Armstrong. The Court held a hearing on Armstrong's Motion on June 23, 2003 and determined that the Motion was legally insufficient and should be denied. Thus, the Court granted the Motion for Entry of Order Imposing Vexatious Litigant Filing Restrictions and Other Procedural Limitations on Debtor Donald E. Armstrong. The Court does hereby enter its Order regarding the filing restrictions and procedural limitations.

The Debtor filed this bankruptcy petition in March, 2000 in the United States Bankruptcy Court for the Southern District of California. In June, 2000, the case was transferred to the United States Bankruptcy Court for the District of Utah. On September 13, 2000, an Order was entered granting Steppes Apartments, Ltd.'s Motion to Appoint Trustee. On September 15, 2000, Kenneth A. Rushton was appointed Chapter 11 Trustee. This case was assigned to Judge Judith Boulden. Armstrong sought to recuse Judge Boulden and eventually she recused on her own motion and this case was assigned to the undersigned Judge by the Tenth Circuit Court of Appeals. Armstrong has continually sought to recuse the undersigned Judge and has even brought suits for money damages against this Court.

The litigious nature of Armstrong has been evident from the inception of this case. On November 7, 2000, Judge Boulden entered a Case Management Order which provided, in pertinent part, as follows:

Since the appointment of the Trustee, there has been confusion as to the party responsible for administration of the assets of the estate.[1] Multiple lengthy pleadings related to the main case and to adversary proceedings have obscured and confused the issues and the administration of the estate, have added to the costs of the parties, have violated the Rules of Practice of the United States

---

1. The appointment of a Chapter 11 trustee pursuant to 11 U.S.C. § 1104 terminates the debtor-in-possession's trustee-like authority under 11 U.S.C. § 1107.

Bankruptcy Court and have burdened the Court's resources. Therefore, in order to promote the efficient administration of the estate, and to protect the rights of all parties, it is hereby

**ORDERED**

\* \* \* \* \* \*

(2) No party shall file any pleading or request any hearing that interferes with or usurps the Chapter 11 Trustee's administration of the assets of the estate. Any party who questions whether filing a specific pleading or requesting a hearing interferes with or usurps the administration of the assets of the estate must file a motion for a determination thereof. After responsive pleadings, if any, have been filed, the Court will determine whether the matter should be placed on the calendar or ruled upon without oral argument.

On January 31, 2002, Judge Boulden entered the Confirmation Order which provided for a surrender of assets and containing a litigation injunction as follows:

4. *Surrender of Assets.* The Surrender Motion is granted. The Debtor is ordered to surrender to the Trustee and to cease exercising dominion or control over any of the following:

a. All causes of action, claims, assets, and personal property that is not exempt in the possession of and belonging to Donald E. Armstrong as of March 10, 2000, the date of filing. Such interests include the rights as settlor and beneficiary under the Armstrong Family Trust and the rights as recipient and donor under the Charitable Remainder Unitrust.

b. All causes of action, claims, assets, and personal property in the possession of and belonging to the Trusts as of November 26, 1999, and thereafter, including any rights that the Trusts may

have had in the litigation referred to as the Texas Litigation, originally filed in Tarrant County, Texas, Case No. 67–156473–94, and any rights to appeal therefrom, including all petitions, writs and motions which may be brought in any court including the United States Supreme Court.

c. Donald E. Armstrong, as trustee of the Trusts and as Debtor in this case, is ordered to surrender any rights he or the Trusts purports to assert to the Texas Litigation (and all causes of action asserted therein) and all other litigation involving the Trusts or derived from rights belonging to the Trusts, including the following cases, claims and causes of action: (1) litigation initiated by complaint [exhibit no. 50] and pending in Utah State District Court, Case No. 010600131; (2) litigation initiated by complaint [exhibit no. 53] and pending in United States District Court, Northern Division of Texas, Dallas Division, Case No. 3–01CV1722–L; (3) litigation initiated by complaint [exhibit no. 55] and pending in United States Bankruptcy Court, District of Utah, Adv. Proc. No. 01–2226; (4) litigation initiated by complaint [exhibit no. 57] and pending in United States District Court, District of Utah, Civ. Case No. 01–CV–843. The Debtor is ordered and required to surrender the foregoing causes of action, suits, choses in action and claims by obtaining the dismissal of each of the specific causes of action set forth above. With respect to any other cause of action maintained by the Trusts or otherwise belonging to the Estate, the Debtor is instructed to seek direction from the Trustee with respect to the surrender of such cause of action. To the extent the Debtor fails, within 15 days after the entry of this Order, to effectuate the dismissal of the litigation identified in

this paragraph, the Trustee shall have the right to effectuate the dismissal of such litigation by presenting this Order in the case on behalf of the Debtor and effecting a dismissal with prejudice.

d. Donald E. Armstrong, as trustee of the Trusts and as Debtor in this case, is ordered to surrender all assets of the Trusts, including (1) the guarantee of John L. Feece [exhibit no CC] executed in favor of the Trusts dated September 29, 1994; (2) the notes and trust deeds executed by Steppes in favor of the Trusts including the Note dated September 29, 1994, in the original principal amount of $375,250, and recorded on September 29, 1994 as Instrument No. D194217212 executed by Steppes and the Armstrong Family Trust and the Trust Deed associated therewith recorded as Instrument No. D194217212, the note dated September 29, 1994 in the original principal amount of $1,071,500 executed by Steppes, together with the Trust Deed associated therewith and recorded as Instrument D194217210, and other associated documents including the "Assignment of Rents and Leases and UCC–1 Fixture Filing" which were closing documents issued from Escrow No. GF# AH–94CO7667–RCS associated with the aforementioned notes and trust deeds; (3) all other personal property of the Trusts. These items of property shall be considered immediately surrendered by the Debtor and transferred to the Estate, to the extent necessary, by virtue of the execution of this order without the need of any further documentation. This order shall be proof of the Trustee's ownership of such property and the Trustee may use this document to establish the Estate's interest in such property.

e. The Estate's interest as settlor shall be exercised by the Trustee to the extent necessary to complete the revocation and dissolution of the Armstrong Family Trust. Armstrong shall have no right to participate in the dissolution of the Armstrong Family Trust or to assert any interest associated with the Armstrong Family Trust.

f. The Debtor, as Trustee of the Charitable Remainder Unitrust, is ordered to comply with the State Court Judgments and surrender any and all property, claims, assets, and causes of action to this Estate until such time as he is removed as Trustee of the Charitable Remainder Unitrust by this Estate acting as Donor of the Charitable Remainder Unitrust.

g. The litigation rights belonging to this Estate derived from the Trusts which afford this Estate rights against Steppes, including the Texas Litigation, are valued for the purpose of this ruling only at $1,398,979 and shall be deemed to satisfy the State Court Judgments in that amount.

\*       \*       \*       \*       \*       \*

9. *Injunctions.*

\*       \*       \*       \*       \*       \*

B. *Litigation Injunction.* Donald E. Armstrong, the Donald E. Armstrong Family Trust, the Donald E. Armstrong Charitable Remainder Unitrust, and any other entity related to the Debtor and controlled by him in whole or in part, now and in the future, and any other entity over which the Debtor asserts actual control in whole or in part, now and in the future, their agents, attorneys and those acting in concert with them, are hereby permanently enjoined from commencing or continuing any litigation against Steppes Apartments, Ltd., John Feece, Rosalie Feece, Baxter Holdings, Inc., Jeffrey L. Shields, Zachary T. Shields, Callister Nebeker & McCullough, Robert Bodoin, Hill Gilstrap,

Frank Hill, Frank Gilstrap, Sal Espino, Chris Harris, Ben Levinson, Victor Vilaplana, Dennis Wickham, Elizabeth Smith, and Seltzer Caplin McMahon Vitek, and any and all other attorneys of Steppes and their law firms and all employees of such firms, Roger G. Segal as trustee in *In re Mountain Pacific Ventures, Inc.*, Bankr.Case No. 99–22588, Kenneth A. Rushton, the Trustee in this case, and these parties' principals, professionals, agents, and assigns based upon (1) claims or causes of action released pursuant to the terms of this Plan and the Steppes Settlement Agreement, and (2) claims or causes of action based upon action taken by the Trustee, Segal, the Steppes Parties (all as defined in the Plan) and any of those parties' principals, professionals, agents, and assigns in effectuating the Steppes Settlement Agreement and this Plan. *See also* Fed. R. Bankr.P. 3016(c)(2002).

Armstrong must apply to the Court for authority to commence litigation against any of these parties or their principals, professionals, agents, or assigns, must show that the proposed litigation does not violate the terms of this Plan, and must provide reasonable notice and opportunity to respond to the party against whom Armstrong wishes to proceed. The Court will grant such authority only upon a finding that such litigation does not violate the terms of this Plan, including the Litigation Injunction and the Releases described in Sections 12.1.1.1 and 12.1.1.2 of the Plan. If Armstrong applies to the Court to pursue such litigation and his application is denied, then the party or parties responding to the application shall be awarded reimbursement of attorneys' fees and costs reasonably incurred in connection with the application, with such reimbursement to be paid from the Reorganization Trust.

This Court, in its Order dated October 18, 2002, found Armstrong in contempt. Specifically, the Debtor continued to assert some post-bankruptcy petition beneficial interest in the Trusts. However, Judge Boulden, in the Confirmation Order, had found that Armstrong had no interest in the Trusts. Further, the Debtor did not dismiss litigation pending in the Utah State District Court, Case No. 010600131. Since the Debtor did not dismiss that case, the Trustee filed a Motion to Dismiss. The case was eventually dismissed and the Debtor then filed a Motion to Vacate the Dismissal, which Rushton opposed. The Debtor even filed a Reply in this case.

Similarly, in litigation pending in the United States District Court for the Northern District of Texas, Case No. 01–CV–1722, the Debtor did not dismiss the complaint as required by the Confirmation Order. The Trustee attempted to dismiss the case and substitute parties. The Debtor filed a Motion to Strike the Motion to Dismiss and Motion to Substitute Parties. Rushton objected to the Motion to Strike and Armstrong again filed a Reply in support of his Motion to Strike. No Order of Dismissal was entered due to the Debtor's filing of the Chapter 13 case. That Chapter 13 was dismissed by this Court on September 9, 2002 for the following reasons: (1) the Debtor's motive in filing the Chapter 13 was to frustrate the Confirmation Order and the implementation of the Confirmation Order; (2) the Debtor was attempting to collaterally attack the Texas Modified Judgment; and (3) the Debtor failed to abide by Orders of this Court. The Court prohibited the Debtor from re-filing for 180 days.

The Trustee was likewise forced to file a Motion to Dismiss and to Substitute Party in litigation pending in the United States District Court for the District of Utah,

Case No. 01–CV–843. Armstrong opposed the Motion to Dismiss. The case was dismissed and the Debtor then filed a Motion to Disqualify the District Judge and to Reconsider the Dismissal Order.

The Debtor was also required to dismiss the litigation pending in the United States Bankruptcy Court, District of Utah, Adv. No. 01–2226. On April 8, 2002, an Order was entered dismissing the adversary proceeding and granting the Motion for Substitution of Kenneth A. Rushton as the real party in interest. On April 12, 2002, the Debtor appealed that Order. Furthermore, Armstrong has previously been found in contempt by Judge Boulden for a violation of the Case Management Order. The Trustee alleges the Debtor was attempting to assert causes of action in violation of that Order. The Debtor filed a Motion for Reconsideration of that Order finding him in contempt which was ultimately denied by the Court. Further, this Court found the Debtor in contempt of the Confirmation Order on October 18, 2002. This Order is also the subject of an appeal.

The Debtor has filed pleadings which are unnecessary and merely require the parties to respond and take up this Court's time and resources. Armstrong filed a motion to determine that the estate no longer exists, when it was clear that the Trustee is still administering assets and negotiating settlements of claims. Further, Armstrong filed a Motion for Simple Order of Discharge alleging the Confirmation Order was too complicated for creditors to understand. However, this Court in entering its Order denying the Motion, found the Confirmation Order was complicated due to Armstrong's litigious nature.

Armstrong has filed at least 18 actions in the United States District Court for the District of Utah,[2] at least nine actions in the Bankruptcy Appellate Panel for the Tenth Circuit,[3] and at least ten actions before the Tenth Circuit Court of Appeals.[4] These actions have ranged from appeals, writs of mandamus and original actions. The essence of these actions has been to collaterally attack the Texas Modified Judgment or the Confirmation Order.

As previously noted, Armstrong continues to sue Judges who have been assigned to this case. He has sued Judges Boulden, Clark, Stewart, Pusateri, Bohanon and Michael.[5] Further, on April 7, 2003, Armstrong filed a judicial complaint against the undersigned and two U.S. District Court Judges for the District of Utah before the Judicial Council of the Tenth Circuit Court of Appeals. The complaint was summarily dismissed on May 12, 2003.

On April 25, 2003, Judge Benson, in an action against the undersigned Judge, in Case No. 2:02–CV–1279B, noted:

> However, as Armstrong has shown a disposition for filing numerous actions in District Court involving proceedings in

---

**2.** Case No. 01–CV–642; Case No. 01–CV–843; Case No. 02–CV–080; Case No. 02–CV–500; Case No. 02–CV–515; Case No. 02–CV–567; Case No. 02–CV–680; Case No. 02–CV–683; Case No. 02–CV–909; Case No. 02–CV–969; Case No. 02–CV–1020; Case No. 02–CV–1183; Case No. 02–CV–1279; Case No. 02–CV–1394; Case No. 02–CV–1406; Case No. 03–CV–162; Case No. 03–CV–212; Case No. 03–CV–238.

**3.** Case No. 02–11; Case No. 02–38; Case No. 02–80; Case No. 03–01; Case No. 03–02; Case No. 03–15; Case No. 03–17; Case No. 03–26; Case No. 03–30.

**4.** Case No. 02–4081; Case No. 02–4101; Case No. 02–4106; Case No. 02–4220; Case No. 02–4246; Case No. 03–4005; Case No. 03–4006; Case No. 03–4039; Case No. 03–4098; Case No. 03–4120.

**5.** Case No. 02–CV–500, United States District Court for the District of Utah.

Bankruptcy Court, the Court ORDERS that Armstrong is enjoined from filing any motions, including new actions, in District Court that relate to proceedings in Bankruptcy Court. A district court has power pursuant to 28 U.S.C. § 1651(a) to enjoin litigants who abuse the court system by harassing their opponents. *Tripati v. Beaman,* 878 F.2d 351, 352–53 (10th Cir.1989); *see also Cotner v. Hopkins,* 795 F.2d 900, 902–03 (10th Cir.1986) (permitting a district court to require a plaintiff to meet certain preconditions before filing future actions). All filings submitted by Armstrong subsequent to this Order will be lodged by the Clerk of the Court. Armstrong may obtain relief from this Order with any filing by first demonstrating to the Chief Judge of the Court that the filing is made in good faith and not malicious or without arguable merit. IT IS SO ORDERED.

The Trustee has requested imposition of the following procedural steps with which Armstrong must comply to seek permission to proceed pro se:

(1) File a petition with the clerk of the court requesting leave to file a pro se action;

(2) Include in that petition:

(a) a list of all lawsuits currently pending or filed previously with the court, including the name, number, and citation, if applicable, of those cases, and a statement indicating the nature of Armstrong's involvement in the matter and the current status of disposition of the appeal or original proceeding;

(b) a list of all appeals in the court or any other federal bankruptcy, federal district, or federal appellate court in which judgment was rendered against Armstrong (including cases where the action was dismissed), and, if applicable, a list indicating the amount of any judgment or sanction rendered against Armstrong, including a statement advising the court whether these judgments or sanctions have been paid and the date of such payment;

(c) a list advising the court of all assessments of attorneys' fees, costs, or contempt orders against Armstrong arising out of any federal bankruptcy court, federal district court, or federal appellate court matter involving Armstrong, including a brief statement apprising the court of the circumstances surrounding the assessment of fees, costs, or finding of contempt;

(d) a list apprising the court of all outstanding injunctions or orders limiting Armstrong access to any state or federal court, including orders or injunctions requiring Armstrong to seek leave to file matters pro se or requiring Armstrong to be represented by an attorney, including the name, number, and citation, if applicable, of all such orders or injunctions;

(3) File with the clerk a notarized affidavit, in proper legal form, which recites the issues which Armstrong seeks to present, including, if applicable, a short description of the legal basis asserted for modifying the lower court decision, and describing with particularity the order or ruling being challenged. The affidavit must also contain the following affirmations: (a) that the claims Armstrong wishes to present have never been raised by him except in this Court in the present case, nor finally disposed of by any federal or state court and are not, to the best of his knowledge, barred by collateral estoppel or res judicata; (b) that to the best of his knowledge, the legal arguments advanced are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modifi-

cation, or reversal of existing law; that the appeal is not interposed for any improper purpose, such as delay, or needless increase in the cost of litigation, or to avoid valid execution of a judgment; and (c) that Armstrong will comply with all appellate rules of procedure and local rules of the court.

The Tenth Circuit has held that "the right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (citations omitted). For restrictions to be imposed, the following requirements must be met: (1) a pattern of abusive behavior; (2) the proposed restrictions must be disclosed to the litigant prior to the imposition; and (3) the litigant must be given an opportunity to object to the proposed restrictions. *Id.*

The Court finds that Mr. Armstrong has engaged in a pattern of litigious abusive behavior which has been set forth above. The previous illustrations do not begin to encompass all of Armstrong's misuse and mockery of the bankruptcy system. Mr. Armstrong seeks to recuse each Judge assigned to his case and once a new Judge is assigned, he seeks recusal of that Judge, and most likely will sue the Judge. When this Judge was first assigned to this case, an evidentiary hearing was held on Armstrong's Motion to Recuse the undersigned. Armstrong submitted an exhibit which demonstrated that eleven federal and state Judges had recused in various Armstrong lawsuits.[6] Armstrong continually attacks the Texas Modified Judgment, which has been appealed to the United States Supreme Court and certiorari denied, and the Confirmation Order. The Court finds that filing restrictions and procedural limitations are appropriate in this case. The Court must balance the need to provide Mr. Armstrong access to the Court to resolve legitimate matters and the need to eliminate the duplicative filings which result in a waste of this Court's time and opposing counsel's time. Armstrong had an opportunity to object but failed to do so within the prescribed objection period. As a result, the Court feels compelled to impose the following restrictions upon Mr. Armstrong with respect to future filings before this Court:

(1) any pleading filed by Mr. Armstrong on a pro se basis or on behalf of

**6.** Case No. 67–156473–94, Texas state court; Case No. 2:02CV00843, U.S. District Court for the District of Utah (four Judges); Case No. 02–CV–526, U.S. District Court for the Northern District of Georgia; Case No. 2:02CV00500, U.S. District Court for the District of Utah (six Judges); 2:02CV00080, U.S. District Court for the District of Utah (two Judges); Case No. 2:97CV00663, U.S. District Court for District of Utah (five Judges); Case No. 2:02CV00515, U.S. District Court for the District of Utah; 2:00CV00723, U.S. District Court for the District of Utah; Case No. 01–2383, U.S. Bankruptcy Court for the District of Utah; Case No. 99–22588, U.S. Bankruptcy Court for the District of Utah; Case No. 99–2218, U.S. Bankruptcy Court for the District of Utah; Case No. 00–2002, U.S. Bankruptcy Court for the District of Utah; Case No. 99–2604, U.S. Bankruptcy Court for the District of Utah; Case No. 98–28921, U.S. Bankruptcy Court for the District of Utah; Case No. 99–2379, U.S. Bankruptcy Court for the District of Utah; Case No. 02–29051, U.S. Bankruptcy Court for the District of Utah; Case No. 02–2158, U.S. Bankruptcy Court for the District of Utah; Case No. 00–2255, U.S. Bankruptcy Court for the District of Utah; Case No. 01–2019, U.S. Bankruptcy Court for the District of Utah; Case No. 00–26592, U.S. Bankruptcy Court for the District of Utah; Case No. 00–2138, U.S. Bankruptcy Court for the District of Utah; Case No. 01–2226, U.S. Bankruptcy Court for the District of Utah; Case No. 01–2157, U.S. Bankruptcy Court for the District of Utah; Case No. 00–2140, U.S. Bankruptcy Court for the District of Utah; and Case No. 00–2089, U.S. Bankruptcy Court for the District of Utah.

Mr. Armstrong must contain a statement under penalty of perjury pursuant to 28 U.S.C. § 1927 (West 2002), in proper form, which includes the following information:

(a) the legal basis for the pleading;

(b) the specific factual basis for the pleading;

(c) a statement that the issues raised in the proposed pleading have never been finally disposed of by any federal or state court and are not, to the best of Mr. Armstrong's knowledge, barred by the doctrines of res judicata or collateral estoppel;

(d) a statement that the legal or factual arguments raised by the pleading are not frivolous or made in bad faith; that to the best of Mr. Armstrong's knowledge, they are warranted by existing case law; that the intent of the pleading is not improper and not intended to delay or cause a needless increase in costs or to void the Orders of this Court; and

(e) a statement that Mr. Armstrong will comply with the rules of bankruptcy procedure and the local rules of this Court.

(2) Any and all documents filed by Mr. Armstrong or on his behalf shall be forwarded to the Court. The Court shall determine whether Mr. Armstrong has complied with this Order and whether the pleading has sufficient merit on its face to justify further consideration by the Court. If the Court does not permit the pleading, the Court shall enter an Order striking the pleading. The Court may also, in its discretion, issue an Order pursuant to Rule 9011(c)(1)(B), Fed R. Bankr.P., to show cause why sanctions should not be entered against Mr. Armstrong for violation of Rule 9011(b), Fed. R. Bankr.P. If the Court determines that the pleading has been filed in accordance with the restrictions set forth herein, the matter shall proceed in accordance with the rules of bankruptcy procedure and the local rules of this Court.

IT IS THEREFORE ORDERED that Trustee's Motion for Entry of Order Imposing Vexatious Litigant Filing Restrictions and Other Procedural Limitations on Debtor Donald E. Armstrong is **granted**.