**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 27 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DONALD E. ARMSTRONG,

      Plaintiff-Appellant,

v.

THE HONORABLE TOM R.
CORNISH, individually and as an
officer of the court; UNITED
STATES OF AMERICA,

      Defendants-Appellees.

No. 03-4222
(D.C. No. 2:02-CV-680-DB)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **McCONNELL** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Donald E. Armstrong appeals from the order of the district court granting defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and imposing sanctions, and dismissing the case with prejudice. Armstrong raises the following issues:

1. What are the exceptions to judicial immunity?

2. Did Armstrong assert facts that "could" warrant relief?

3. Did the courts have jurisdiction of the underlying cases in light of the *Rooker-Feldman* and *Younger* doctrines?

4. Did the judges have jurisdiction?

5. Are the injunctions void for lack of jurisdiction?

6. Should the case be referred to a different judge?

We review de novo the district court's dismissal under Rule 12(b)(6). *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The court's imposition of filing restrictions is reviewed for abuse of discretion. *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989).

Having reviewed the briefs, the record, and the applicable law pursuant to the above-mentioned standards, we determine that there was no error in the dismissal of this case. With regard to the filing restrictions, our review shows that the restrictions imposed by the district court "are clearly the type of carefully tailored restrictions contemplated by the various courts that have addressed the

question of restraints on abusive litigants." *Id.* at 353. In addition, Armstrong had adequate notice of defendants' request for filing restrictions and argued against the sanctions in his brief opposing the motion. *See* R. Vol. IV, doc. 31 at 19.

We therefore conclude that the filing restrictions imposed were appropriate and that their imposition was not an abuse of discretion. "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati,* 878 F.2d at 353 (citations omitted).

Armstrong's motion for leave to file appendix, motion to file supplemental appendix, motion to file reply to appellees' surreply, and motion to file second supplemental appendix are DENIED. The order of the district court is affirmed for substantially the same reasons stated by that court in its order filed August 27, 2003. The mandate shall issue forthwith.

Entered for the Court

Bobby R. Baldock
Circuit Judge