# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

Nos. 09-1564/1620

———————

In re: Charles Pointer,

          Appellant.

\*   Appeals from the United States
\*   District Court for the
\*   Eastern District of Missouri.
\*
\*   [UNPUBLISHED]

———————

Submitted: August 7, 2009
Filed: August 19, 2009

———————

Before BYE, BOWMAN, and BENTON, Circuit Judges.

———————

PER CURIAM.

In these consolidated appeals, Charles Pointer challenges an en banc order issued by the United States District Court for the Eastern District of Missouri requiring him to obtain leave of court to file complaints (No. 09-1564) and a separate order, issued by the District Court pursuant to the en banc order, denying Pointer leave to file a new complaint (No. 09-1620). Pointer also moves to add parties to his appeals. We deny Pointer's motion, but we vacate and remand in both appeals.

After reviewing twenty-three in forma pauperis cases that Pointer filed pro se in the Eastern District of Missouri over approximately four and one-half years, the District Court en banc determined that Pointer had abused the judicial process and his right to file actions and proceedings, and it concluded that preventive measures were required to abate the abuse. The court then issued an order prohibiting Pointer,

without first obtaining leave of court, from filing new complaints in the Eastern District, reopening prior complaints, and transferring or removing suits to the Eastern District from other federal district courts or state courts. Further, the order bars Pointer from filing pleadings or other materials without leave of court, even if he is granted leave to file a complaint or to proceed pro se. The order prohibits the District Court clerk from accepting filings from Pointer, whether he has paid the filing fee or is proceeding in forma pauperis, unless Pointer has included a court order granting him leave to file. The court's order instructs Pointer in detail how to go about obtaining leave of court. In appeal No. 09-1564, Pointer argues, among other things, that the en banc order was issued in violation of his right to due process because he was not given prior notice and an opportunity to respond.

We construe the en banc order to be an injunction issued pursuant to 28 U.S.C. § 1651(a), which empowers federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." We are concerned that the injunction may be overly broad, however, because it restricts not only Pointer's ability to institute suits raising the issues or naming the defendants in his prior cases, but also his ability to file *any* civil suit in the Eastern District of Missouri. See, e.g., Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004) ("[I]f a judge, after weighing the relevant factors, properly determines that a litigant's abusive conduct merits a prefiling injunction, the judge must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue."); Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1099 (11th Cir. 2004) (explaining that § 1651(a) codifies "the federal courts' traditional, inherent power to protect the jurisdiction they already have, derived from some other source," and allows those courts to safeguard ongoing proceedings, potential future proceedings, and previously issued orders and judgments); Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1524 (9th Cir. 1983) (noting that under § 1651(a), district courts have power to reinforce the effects of the doctrines of collateral estoppel and res judicata by "issuing an injunction against repetitive litigation"), cert. denied, 465 U.S. 1081

(1984). In any event, the court apparently issued the en banc order without giving Pointer notice and any opportunity to be heard. See Cromer, 390 F.3d at 819 ("[B]efore a judge issues a prefiling injunction under 28 U.S.C. § 1651(a), even a narrowly tailored one, he must afford a litigant notice and an opportunity to be heard."); Tripati v. Beaman, 878 F.2d 351, 354 (10th Cir. 1989) (per curiam) (vacating § 1651(a) restrictions on future filings and remanding because the litigant was not provided prior notice and opportunity to respond, but noting that such opportunity "does not . . . require an in-person hearing in the district court"). Accordingly, we vacate the order and remand for the District Court en banc to provide Pointer with notice and an opportunity to respond before entering a pre-filing injunction against him. At the same time, the court should consider whether any order it issues is narrowly tailored to address Pointer's particular abuses of the judicial process.

In appeal No. 09-1620, Pointer moved for leave to proceed in forma pauperis in the Eastern District of Missouri and to file a complaint naming Ida Early, Washington University, and the University's registered agent as defendants. The District Court denied leave to file the complaint after determining that it was frivolous and similar to previously dismissed complaints. On appeal, Pointer argues that the complaint should have been filed and considered on the merits. Because we are vacating the en banc order under which the District Court denied leave to file this complaint, we also vacate the order denying leave to file the complaint.

In sum, we vacate the en banc order in appeal No. 09-1564 and the order denying leave to file in appeal No. 09-1620, and we remand both matters to the District Court for further proceedings consistent with this opinion. Pointer's motion to add parties to the appeals is denied.

_____