**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 16, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALVIN PARKER,

      Petitioner - Appellant,

v.

SCOTT CROW, Director, Oklahoma
Department of Corrections,

      Respondent - Appellee.

No. 20-5117
(D.C. No. 4:20-CV-00125-GKI-JFJ)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.

      After examining Alvin Parker's written submissions and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

      [*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Parker appeals from an order of the district court imposing on him targeted filing restrictions.[1]  Parker's appeal is frivolous.  In an order dated May 18, 2020, the district court dismissed as successive Parker's assertion he had discharged his 199-year Oklahoma sentence for second-degree murder after a former felony conviction.  The district court discussed at length Parker's history of raising in 28 U.S.C. § 2241 petitions the meritless assertion his sentence was discharged by operation of Oklahoma's never-in-effect Truth In Sentencing Act.  Furthermore, the district court specifically warned Parker that if he filed another § 2241 petition he would be subject to the imposition of filing restrictions.  When Parker sought to appeal from the district court's order of dismissal, this court denied him the necessary COA and dismissed his appeal.  *Parker v. Crow*, 822 F. App'x 716 (10th Cir. 2020).  In so doing, this court concluded Parker failed to identify a non-frivolous federal constitutional claim.  *Id.* at 719.

Despite the district court's warning and this court's definitive statement that his Truth In Sentencing Act claim was indisputably meritless, Parker filed in the district court a motion in the nature of Fed. R. Civ. P. 60(b) ("Motion to

_____

[1]Also before this court is Parker's request for a certificate of appealability ("COA").  This court concludes, however, that Parker does not need a COA to appeal from the district court's imposition of filing restrictions.  *United States v. Akers*, 807 F. App'x 861, 865 (10th Cir. 2020) (unpublished disposition cited solely for its persuasive value).  Accordingly, Parker's request for a COA is **dismissed as moot**.

Vacate Void Judgment"). The district court concluded Parker's Rule 60(b) motion was nothing more than a disguised § 2241 motion and denied it on the ground it was meritless.[2] When Parker then filed a motion to reconsider, the district court denied the motion and ordered Parker to show cause why he should not be subject to restrictions on his ability to file further § 2241 petitions. Finding Parker's response lacking, the district court imposed targeted restrictions on Parker's ability to file future pro se § 2241 petitions.

This court reviews the imposition of filing restrictions for an abuse of discretion. *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989). "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Id.* at 353 (citation omitted). Federal courts have statutory authority "to enjoin litigants who abuse the court system by harassing their opponents." *Id.* at 352 (citing 28 U.S.C. § 1651(a)). That is, federal courts may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Id.* (quotation omitted). Filing restrictions "are proper where a litigant's abusive and lengthy history is properly

[2]In an order filed coterminously with the instant order, this court has denied Parker's request for a COA and dismissed his appeal from the district court's dismissal of his Rule 60(b) motion. *Parker v. Crow*, No. 20-5107 (10th Cir. March __, 2020).

-3-

set forth," the court provides guidelines as to what the litigant "must do to obtain the court's permission to file an action," and the litigant receives "notice and an opportunity to oppose the court's order before it is instituted." *Id.* at 354.

The district court here complied with all the requirements necessary for imposing filing restrictions. It recounted Parker's lengthy, abusive filing history; provided Parker with detailed guidelines for obtaining the court's permission to file an action; and provided Parker with an opportunity to oppose the restrictions. Parker's sole argument on appeal is that because his motion for reconsideration was a true Fed. R. Civ. P. 59(e) motion, it was improper for the district court to impose filing restrictions based on the filing of that motion. Parker's assertion is beside the point. By filing yet another indisputably meritless challenge to his Oklahoma state sentence based on the Truth In Sentencing Act, Parker continued a blatant practice of abusing the judicial process and wasting judicial resources. The district court did not abuse its discretion by imposing filing restrictions.

The order of the district court imposing upon Parker filing restrictions is hereby **AFFIRMED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge
