**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 26, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PAGE PENK,

   Plaintiff-Appellant,

v.

STU BADER, Denver Parks
and Recreation Permit Director;
JOHN HICKENLOOPER, Mayor,
Denver, Colorado,

   Defendants-Appellees.

No. 07-1489
(D.C. No. 1:07-CV-02386-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

---

   Page Penk appeals pro se from a district court order that dismissed his civil

action because he failed to comply with an order restricting his filing of pro se

lawsuits. We affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

In October 2007, after filing fifteen lawsuits in the Federal District Court for the District of Colorado, Penk was enjoined from initiating further pro se suits unless he first submits to the court a copy of the proposed complaint, a petition for leave to file the complaint, and an affidavit. *See Penk v. Huber*, No. 07-cv-607-WYD-MEH (D. Colo. Oct. 3, 2007) (order imposing pre-filing restrictions). The petition must indicate Penk's litigation history with the proposed defendants, list all of Penk's trial and appellate cases, and disclose the status of all favorable and unfavorable judgments involving Penk. The affidavit must recite that Penk has never before raised the proposed claims, that the claims are not meant to harass any individual or entity, and that to the best of Penk's knowledge the claims are not frivolous. Penk did not appeal from the filing-restriction order.

In bringing the instant lawsuit, Penk did not submit a petition, affidavit, or a copy of his complaint to the district court. Instead, he submitted an "Emergency Motion for Leave to File Civil Rights Complaint," listing Denver Mayor John Hickenlooper and Denver Parks and Recreation Permit Director Stu Bader as defendants. R., Doc. 1 at 1. Penk claimed that Bader told him he could not apply for a permit to hold a "language festival at Civic Center [Park]" during the 2008 Democratic National Convention. *Id.* at 4; *see also id.* at 1. The alleged purpose of the festival was to "translat[e] 'PEACE IS POSSIBLE' into all 6,000

human languages." *Id.* at 4.  In the motion, Penk acknowledged that a filing restriction was in place, *id.* at 2, and he asked that "this new case [be filed] because [he] want[ed] [his] wife back and she [would not] be coming back unless [he] win[s]," *id.* at 5.

The district court simultaneously ordered the commencement of a civil action and the dismissal of that action, without prejudice, for Penk's failure to submit the required pre-filing documents and the necessary information.  Penk appeals.

## DISCUSSION

Filing restrictions against a litigant who has "a documented lengthy history of vexatious, abusive actions" are a valid exercise of a court's inherent powers. *Werner v. Utah*, 32 F.3d 1446, 1447-48 (10th Cir. 1994).  Penk does not contend that his "Emergency Motion" satisfied the district court's filing restrictions. Indeed, he has ignored the basis of the district court's dismissal order, choosing instead to pursue topics ranging from his proposal to "build [a] looped [transportation] system and kill the car in a controlled fashion," Aplt. Br. at 4, to "the murder of Benazir Bhutto," Emergency Pet. for Writ of Certiorari at 18.[1]

---

[1]     We construe Penk's "Emergency Petition[s]" for (1) a "Writ of Certiorari in a *Death Penalty* Case in the War on Women" and (2) "Review of a Final Decision of the Colorado District Court" as components of his appellate brief.  As such, we have considered the arguments therein and conclude that they are without merit. Additionally, we grant Penk's motion to amend his opening brief.  The arguments therein are likewise without merit.

Because Penk's "Emergency Motion" failed to supply any of the information required by the district court's filing-restriction order, we conclude that the district court properly dismissed his civil action.

## CONCLUSION

The judgment of the district court is AFFIRMED.

Penk's motion to proceed on appeal in forma pauperis is DENIED for lack of a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

Entered for the Court

Michael R. Murphy
Circuit Judge