FILED
United States Court of Appeals
Tenth Circuit

July 8, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PAGE PENK,

      Plaintiff-Appellant,

v.

JOHN HICKENLOOPER, Denver
Mayor,

      Defendant-Appellee.

No. 10-1215
(D.C. No. 10-CV-01038-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

In October 2007, the district court identified Page Penk as an abusive litigant and restricted his ability to file *pro se* pleadings. The district court dismissed Mr. Penk's complaint in this action because he failed to comply with the restrictions imposed upon him and he now appeals. We affirm.

* * *

[*]After examining appellants' brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

As of October 2007, Mr. Penk had filed fifteen separate lawsuits in the District of Colorado, all of which were dismissed, and at least six of which he appealed to this court. *See Penk v. Huber*, No. 07-cv-607-WYH-MEH (D. Colo. Sept. 17, 2007). Based on Mr. Penk's history of abusive litigation, the district court enjoined him from filing further *pro se* complaints without first meeting several clearly enumerated conditions. *Penk v. Huber*, No. 07-cv-607-WYH-MEH (D. Colo. Oct. 3, 2007). The district court dismissed Mr. Penk's "Emergency" complaint in this case because he did not comply with the conditions imposed on him in 2007. D. Ct. Order of May 4, 2010. We upheld a previous district court decision enforcing the 2007 order, *Penk v. Bader*, No. 07-1489 (10th Cir. June 26, 2008) (unpublished), and we do so again here.

* * *

A district court may enjoin future filings when "the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (citing *Tripati v. Beaman*, 878 F.2d 351, 353-54 (10th Cir. 1989) (per curiam)). We review the district court's decision to issue such an injunction for abuse of discretion, acknowledging that there is "strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully

-2-

tailored restrictions under the appropriate circumstances." *Tripati*, 878 F.2d at 352; *see also id.* at 354 (standard of review).

Mr. Penk makes no claim that his history of abusive litigation was not properly established, or that the court did not provide guidelines as to how he could file future actions. Mr. Penk argues only that he did not receive notice of the district court's 2007 order. Yet, Mr. Penk admitted to this court in his last appeal from a district court dismissal that he was aware of the district court's restrictions on his *pro se* filings. *Penk v. Bader*, No. 07-1489, at 3 (10th Cir. June 26, 2008) (unpublished). His argument, therefore, is unavailing.

The district court satisfied all *Tripati's* requirements and so its judgment must be affirmed. Mr. Penk's motion to proceed on appeal *in forma pauperis* is denied because he has failed to identify "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation marks omitted).

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge


-3-