**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 22, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRITTANY CROWNHART,

    Plaintiff - Appellant,

v.

MOTEL 6 MANAGEMENT,

    Defendant - Appellee.

No. 24-1457
(D.C. No. 1:24-CV-03136-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **CARSON**, and **ROSSMAN**, Circuit Judges.
_____

Brittany Crownhart filed a pro se complaint asserting various claims against Motel 6 Management. The district court noted that it had previously imposed a filing restriction on Crownhart, which "permanently enjoined" her from filing any "civil actions in [the district court] without representation of an attorney licensed to practice in the State of Colorado unless she first obtains leave of [the district court] by a judicial officer to proceed pro se in the action." R. at 29 (italics omitted);

---

[*] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*see also Crownhart v. Colorado*, No. 24-cv-391, 2024 WL 3352669, at \*3–4 (D. Colo. May 3, 2024) (unpublished) (imposing filing restrictions because Crownhart was "abusing the judicial system" and had an "abusive history of filing meritless actions"), *aff'd*, 2024 WL 3339916 (10th Cir. 2024).  Because Crownhart appeared without counsel in this action and had not obtained permission to proceed pro se, the district court dismissed her complaint and action without prejudice.  The court also certified that any appeal from the district court's dismissal order "would not be taken in good faith" and therefore denied leave to proceed in forma pauperis on appeal.  R. at 29.  Crownhart appeals.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

We review the district court's application of a previously-imposed filing restriction for an abuse of discretion.  *See United States v. Nicholson*, 983 F.2d 983, 988 (10th Cir. 1993) (stating that district court decisions involving "control of the docket and parties . . . are reviewed only for abuse of discretion" (internal quotation marks omitted)); *cf. Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989) (noting district court's imposition of filing restrictions is reviewed for abuse of discretion).  A district court abuses its discretion "when it makes a clear error of judgment, exceeds the bounds of permissible choice, or when its decision is arbitrary, capricious or whimsical, or results in a manifestly unreasonable judgment."  *United States v. Mobley*, 971 F.3d 1187, 1195 (10th Cir. 2020) (internal quotation marks omitted).  We construe Crownhart's pro se filings liberally, but we may not act as her advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

2

As best we can discern, Crownhart contends the dismissal of her complaint and action for failure to comply with the filing restriction violated her rights to access the courts and to due process. But Crownhart fails to explain how application of the filing restriction violated these rights. Nor do we see how she could.

"[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati*, 878 F.2d at 353 (citation omitted). As noted, the district court imposed the filing restriction because Crownhart had abused the judicial system and repeatedly filed frivolous actions. We previously concluded that the restriction was proper. *See Crownhart v. Colorado*, No. 24-1208, 2024 WL 3339916, at *1 n.3 (10th Cir. July 9, 2024) (unpublished). Properly imposed filing restrictions do not violate the constitutional right to due process. *See Smith v. Krieger*, 389 F. App'x 789, 799 (10th Cir. 2010) (rejecting argument that filing restriction violated due process rights where "the district court complied with all requirements for imposing filing restrictions").[1] It follows that a court's application of constitutionally sound filing restrictions also does not violate due process.

In sum, because Crownhart failed to abide by the restriction, we are satisfied that the district court did not abuse its discretion. The remainder of Crownhart's

---

[1] We cite this unpublished case only for its persuasive value. *See* 10th Cir. R. 32.1.

3

arguments that are comprehensible appear directed at the merits of her case and are therefore irrelevant to the grounds for the district court's dismissal of the case.[2]

For the foregoing reasons, we affirm the district court's judgment. We deny Crownhart's motion to proceed on appeal without prepayment of costs or fees because she has not advanced "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Consequently, Crownhart is obligated to immediately pay the appellate filing fee in full.

Finally, we note that on four other occasions, this court has denied Crownhart's motion to proceed on appeal without prepayment of costs and fees because she failed to advance any reasoned, nonfrivolous arguments. *See Crownhart v. Colorado*, 2024 WL 3339916, at *3; *Crownhart v. Strive Mesa Developmental Servs.*, No. 21-1329, 2022 WL 817993, at *1 (10th Cir. Mar. 18, 2022) (unpublished); *Crownhart v. Walmart*, No. 21-1302, 2022 WL 816985, at *1 (10th Cir. Mar. 18, 2022) (unpublished); *Crownhart v. Collins*, 860 F. App'x 554, 556 (10th Cir. 2021). And this court has dismissed two other appeals Crownhart has filed for lack of prosecution. *See Crownhart v. Mesa Cnty. State of Colo.*, No. 20-1450, slip op. at 1 (10th Cir. Mar. 29, 2021) (unpublished); *Crownhart v. Estes*, No. 21-1351, slip op. at 1 (10th Cir. Dec. 23, 2021) (unpublished). We

---

[2] Crownhart repeatedly refers to the district court's failure to prove she did not pay the filing fee. But the district court's dismissal had nothing to do with filing fees, and the district court's docket reflects that Crownhart sought leave to proceed in forma pauperis and never paid the filing fee.

therefore warn Crownhart that if she continues to file frivolous appeals in this court or to abandon appeals, she may be subject to sanctions under this court's "inherent power to impose sanctions that are necessary to regulate the docket, promote judicial efficiency, and . . . to deter frivolous filings," *Christensen v. Ward*, 916 F.2d 1462, 1469 (10th Cir. 1990), and under 10th Cir. R. 46.5 and 46.6.  These sanctions could include, among other things, monetary sanctions, dismissal of her appeals, and future filing restrictions in this court.

Entered for the Court

Joel M. Carson III
Circuit Judge